■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE WHITMORE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered on resentence on June 3, 1966, convicting him of attempted rape in the first degree and assault in the second degree with intent

to commit rape, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions of fact have been considered. In our opinion, under the peculiar facts of this case, it was prejudicial error for the trial court to refuse to allow cross-examination with reference to all of defendant's statements to the police. From the proof presented by the People, it appeared that, when apprehended, defendant was not only interrogated by police officers with respect to the facts involved in the instant indictment arising from the accusations made by complainant Borrero, but was also further and successively questioned by the same police officers with respect to other offenses, identifiable as the Edmonds case and the Wylie-Hoffert case. Defendant's trial counsel urged that he be permitted to cross-examine with respect to the voluntariness and truth of defendant's statements as to all three offenses covered in this interrogation. The learned trial Justice ruled that while defendant could take the stand and testify as to any and all transactions occurring at his questioning, on cross-examination the defense could not probe into defendant's statements on the Edmonds and Wylie-Hoffert matters which were later in time to his Borrero statements, absent proof that the subsequent statements were intertwined with the Borrero statements. In our view, this ruling left defendant at a disadvantage in that he was not free to develop his claim that whatever infirmities of compulsion and lack of truth were developed in connection with the Edmonds and Wylie-Hoffert matters likewise applied to his admissions as to the instant Borrero matter on trial. In view of the fact that defendant's statements on all three matters were made in the course of continuous responses to police questions, the entire statement may be regarded as one paper, and all part of the *res gestae*. Under the circumstances, it was for the jury to say whether defendant's admissions as to the Borrero matter were voluntary and truthful even though they were to find that his statements as to the other matters were lacking in these qualities. The issue should not have been resolved as a matter of law by the trial court. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.