William T. Cowin, J.
During the suspension of deliberations on the guilt or innocence of the defendant charged with the sale and possession of narcotic drugs, the jury went to dinner. On its return, counsel for the defendant stated that he saw one of the jurors and a man, later identified as another juror, and a court stenographer walking together. From his vantage point on the ninth floor of the Supreme Court building defendant’s counsel believed they were in conversation. The *352 jury returned a verdict of guilty. Defendant’s counsel moved for a new trial because of this incident.
Section 465 of the Code of Criminal Procedure states in part that the court has the power to grant a new trial ‘1 When the jury * * * have been guilty of any misconduct by which a fair and due consideration of the case has been prevented ’ ’. In view of the charges made by defendant’s counsel, a hearing thereon became mandatory. A denial of a hearing would be deemed an abuse of discretion (People v. Durling, 303 N. Y. 382).
At the hearing counsel for the defendant and another witness testified of their observation of the jurors and the stenographer. The two jurors and the stenographer stated that they did not discuss the case and were talking about Brooklyn Heights and the exhibits at the Brooklyn Union G-as Co. In addition the four court officers were questioned relative to their positions with the returning jurors.
The question presented is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction (Fahy v. Connecticut, 375 U. S. 85, 86-87).
Not all verdicts will be set aside because of communications between jurors and others or for improper conduct of the jury unless it can be shown that it influenced the result. In People v. Sher (24 N Y 2d 454, cert. den. 396 U. S. 837) one of the questions there presented was whether an anonymous communication by telephone with several of the jurors was sufficient to grant a new trial. The jurors were polled and stated that the telephone calls did not affect the verdict. The judgment of conviction was affirmed. A statement by one of the jurors that some years ago he lived in the same city as defendant and that “ there were a lot of people ” of his name who “ were the toughest set he about ever knew ” and that looking at the defendant O’Hara, “he was impressed with the resemblance ”, did not warrant a new trial (People v. Thompson, 198 N. Y. 396, 401). A conversation had between one of the jurors and two other people was held not prejudicial (People v. Spiegel, 149 Misc. 439). Where a juror read from a copy of the Penal Law and Code of Criminal Procedure and exhibited it to other jurors and where in another instance a jury obtained a copy of the Bevised Statutes, while delibérating on a verdict, it was held in each such case that the irregularity did not vitiate the verdict unless it could be shown that the defendant was prejudiced thereby (People v. Priori, 164 N. Y. 459; People v. Draper, 28 Hun 1).
*353 The pervading philosophy as existed even prior to the enactment of the Code of Criminal Procedure is that an irregularity or indiscretion of a jury is not of itself sufficient to warrant a new trial. More must be shown. (People v. Hartung, 17 How. Prac. 85.) The irregularity or indiscretion must be of such a nature as prevented fair and due consideration of the case.
Similarly, in other jurisdictions a jury verdict in criminal cases will not be disturbed even though improper conduct of the jury is alleged unless prejudice can be shown. In State v. Shipley (171 Mo. 544), the jurors were locked up for the night. They were discussing stories told by one of the counsel. The bailiff stated that the counsel is good at telling stories. The court held that this conduct in no way contributed to the verdict but was a harmless indiscretion. In Johnson v. State (106 Miss. 94) the bailiff slept in the same room with the jurors, conversed with them concerning matters not related to the case. The court held that there was no evidence of undue influence. Motion for a new trial was denied. In People v. Quimby (6 Cal. App. 482, 490) a juror asked what the punishment for manslaughter was. The officer replied he did not know. The juror stated that he thought it could be one to ten years. The officer replied “ Maybe it is ” but he didn’t know. The court held that it was manifest that the alleged misconduct could not have produced prejudicial harm to the defendant.
In determining whether an error is harmless the United States Supreme Court in Chapman v. California (386 U. S. 18). at page 24 stated: ‘ ‘ There is little, if any, difference between our statement in Fahy v. Connecticut about ‘ whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction ’ and requiring the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” The court continued: “that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.”
Aware that a new trial under section 465 of the Code of Criminal Procedure is addressed to the sound judicial discretion of the Trial Judge and that irregularities in the conduct of the jury, not shown to have prejudiced the substantial rights of the defendant will not vitiate a verdict, this court is of the opinion from the testimony adduced at the hearing that the defendant’s rights were not prejudiced. In view of the *354 overwhelming evidence, the jury verdict was proper. The court is convinced beyond a reasonable doubt that the conduct complained of was harmless and could not have influenced the verdict. Motion is denied.