**Earl FODDRELL**

v.

**Maurice H. SIGLER, Chairman, U. S. Board of Parole, Floyd E. Arnold, Warden, U. S. Penitentiary, Lewisburg, Pennsylvania.**

Civ. No. 75–1549.

United States District Court, M. D. Pennsylvania.

May 5, 1976.

Earl Foddrell, pro se.

Sal Cognetti, Jr., Asst. U. S. Atty., Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, District Judge.

Petitioner, presently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, is serving a ten-year sentence[1] imposed by the United States

---

1. The ten-year term of imprisonment was supplemented at the time of sentencing with a special parole term of six years and was made subject to 18 U.S.C. § 4208(a)(2).

District Court for the Southern District of New York on January 30, 1975 for the offense of distributing and possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Having exhausted all available administrative remedies, he has filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 contending that the United States Board of Parole denied petitioner meaningful consideration of his application for parole in that the Board relied on a presentence report which allegedly contained "constitutionally invalid misinformation".

Prior to being sentenced on January 30, 1975 for the above-described offenses, petitioner was serving a term of twelve-years incarceration with a special parole term of five years imposed by the same court on July 31, 1973 following petitioner's plea of guilty to the charge of conspiring to violate narcotic laws, 21 U.S.C. § 846. In addition to the sentence, petitioner was fined $10,-000. Subsequent to his beginning service of that sentence on December 5, 1973, the term of incarceration originally imposed was reduced to eleven years. According to the uncontroverted affidavit of Daniel J. Capodanno, an analyst for the National Appellate Board of the United States Board of Parole, the 1973 conviction was vacated on April 17, 1975 "because the consequences of the five (5) year special parole term were not explained by the Judge at the time Mr. Foddrell entered his guilty plea."[2]

On October 23, 1975, petitioner received his initial parole hearing at Lewisburg. By Notice of Action dated November 4, 1975, petitioner was informed that parole had been denied and that his case had been continued for a hearing at the one-third point of his sentence pursuant to 18 U.S.C. § 4208(a)(2) and 28 C.F.R. 2.14(b) (September 5, 1975). The following reasons were given for parole denial:

"Your offense behavior has been rated as very high severity. You have a salient factor score of 9. You have been in custody a total of 27 months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 26–36 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, it is found that a decision at this consideration above the guidelines appears warranted because there is evidence of a large scale conspiracy and sophisticated operation involving large amounts of heroin. Board policy prohibits a continuance past one-third of your sentence at initial hearing. Therefore, your case has been scheduled for further consideration at one-third of your sentence."

The decision of the Examiner panel having been affirmed on appeal to both the Regional Director, 28 C.F.R. § 2.25, and the National Appellate Board, 28 C.F.R. 2.26, petitioner now seeks habeas corpus relief in this Court.

It appears that the main gist of his complaint is that the Parole Board based its decision, in part, on a presentence report which had been prepared following his 1973 conviction. Petitioner contends that the sentence he is presently serving is a result of his conviction for the offense of conspiring with two other individuals to sell on June 13, 1972, one-eighth of a kilogram of heroin for $3,600. He maintains that the "Board's reason for parole denial has *no basis* in petitioner's file." Claiming, in essence, that the Board has no "discretionary right, power, or privilege" to consider or rely on information outside the scope of the crime established by a verdict or plea of guilty, petitioner asserts that the Board has in the instant matter violated petitioner's constitutional rights to due process and equal protection. The Court does not agree; the Parole Board's scope of inquiry cannot be so narrowly restricted.

The Parole Board is not, as petitioner would have us believe, a "resentencing court". By its decision to deny parole, the Board is merely stating that, in its judgment, at that time the applicant's release on parole would not be in the best interests of

---

2. See page 2 of Capodanno affidavit of January 14, 1976.

either the applicant or society. In denying parole, the Board is not imposing an additional sentence upon the applicant. It is merely carrying out its obligation under law to conduct parole determination proceedings and to reach reasoned decisions.[3]

In our opinion, the Board's regulations[4] permit the Board, in the exercise of its discretion to rely on the information which petitioner here deems objectionable. Addressing the issue of whether the Board may give *any* consideration to allegations of criminal conduct that have not resulted in conviction, the Court in *Lupo v. Norton,* 371 F.Supp. 156 (D.Conn.1974) stated:

"When the Board uses an alleged offense as a basis for parole-decision making, this requirement of stating reasons becomes the prisoner's sole protection against the risk that he may be unfairly penalized because of charges on which he was never convicted and which he may be able to controvert, either at the parole hearing or upon administrative appeal from an adverse decision . . . [T]he Board's regulation requiring a statement of reasons can be satisfied only if the prisoner is told that his alleged offense was the basis for parole denial and how that alleged offense was used." 371 F.Supp. 161, 162

Thus, the Board can consider information found in presentence reports[5] and other data relating to unadjudicated criminal offenses *provided* that it informs the applicant of its reliance on that particular information and offers the applicant an opportunity to dispute its accuracy. *Grattan v. Sigler,* 525 F.2d 329 (9th Cir. 1975).

On the basis of the record now before this Court, it appears that the petitioner did engage in some discussion with the hearing examiner panel concerning his prior criminal activity and, according to the uncontroverted affidavit of Mr. Capodanno, petitioner "admitted to the examiners that he was 'involved in arranging' drug sales and receiving commissions therefor from 1970 to 1972." Moreover, by its Notice of Action of November 4, 1975, the Board clearly stated its reasons for denying parole, thereby offering petitioner sufficient opportunity to contest on administrative appeal the validity of the Board's reasoning.

In determining the procedural protections due an inmate prior to the imposition of the "special offender" designation on that inmate's central file, and the extent to which information relied on in making that decision can be challenged, an issue analogous to that raised herein, the Second Circuit approved the usage of the presentence report and the information contained therein, holding that the opportunity for confrontation and cross-examination is

"*unnecessary* in the overwhelming majority of Special Offender classification proceedings *where 'the source of the information against the prisoner is contained in his presentence report* or other documentary materials.'"

*Cardaropoli v. Norton,* 523 F.2d 990, 998 (2nd Cir. 1975) (emphasis supplied). In so holding, the Second Circuit approved such usage of the presentence report. In addition, in the recent decision in *Zannino v. Arnold,* 531 F.2d 687 (3rd Cir., February 19, 1976), the Third Circuit in reviewing the information relied on by the Parole Board in reaching its conclusion held, 531 F.2d at 691, that

"[t]he inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the

---

3. Petitioner is not challenging the offense behavior rating ("very high") or the salient factor computation (9). *See* 28 C.F.R. § 2.20 (September 5, 1975). His challenge relates to the primary reason offered for the Board's decision, petitioner's alleged involvement in a large-scale conspiracy to sell narcotics.

4. 28 C.F.R. § 2.19 (September 19, 1975).

5. The Court notes that the recently enacted "Parole Commission and Reorganization Act", 18 U.S.C. § 4201, effective May 14, 1976, specifically allows the parole decision-making body, to consider presentence investigation reports. See 18 U.S.C. § 4207 of the new act.

Board's conclusions embodied in its statement of reasons."

Furthermore, the Court in *Zannino* held that even "hearsay . . . could legitimately be taken into account by the Parole Board." *Zannino, supra,* at 692.

 Once again, the Court notes that it is well established that under 18 U.S.C. §§ 4202, 4203, the determination of eligibility for parole lies wholly within the discretion of the Parole Board. *United States v. Frederick,* 405 F.2d 129 (3d Cir. 1968). Moreover, absent an abuse of discretion amounting to a denial of a constitutional right, and absent a decision that is clearly inconsistent with the broad statutory authority given the Board, a court will not review the Parole Board's discretion in denying an application for parole. *Barradale v. United States Board of Paroles & Pardons,* 362 F.Supp. 338 (M.D.Pa.1973). Nor will the Court substitute its judgment for that of the Board of Parole as to whether the rehabilitation of the prisoner and the safety and welfare of society generally would best be served by permitting him to serve his sentence beyond the confines of prison rather than by being continued in physical confinement. *Fuentes v. Arnold,* M.D.Pa., Civ.No. 75–755 (August 19, 1975).

 Accordingly, I hold that the Board's consideration of petitioner's presentence investigation report was well within its discretion, that petitioner was afforded an opportunity at the initial hearing and again on administrative appeal of the adverse decision to challenge the accuracy of the information relied on by the Board, and that, therefore, there exists in petitioner's record a "rational basis . . . for the Board's conclusions [as] embodied in its statement of reasons." *Zannino, supra.*

Therefore, since the Court hereby finds that the Parole Board has not acted in an arbitrary or capricious manner, that the Parole Board has not abused its broad discretion, and that the petitioner has not been denied his constitutional rights, the petition for the writ of habeas corpus will be denied. An appropriate order will be entered.