UNITED STATES ex rel. Robert Wade BROWN, Jr., Petitioner,

v.

UNITED STATES BOARD OF PAROLE, Respondent.

Civ. No. 76–605.

United States District Court,
M. D. Pennsylvania.

April 14, 1977.
Supplemental Memorandum Aug. 10, 1977.

Louise O. Knight, Lewisburg, Pa., for petitioner.

S. John Cottone, U. S. Atty., Scranton, Pa., for respondent.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

On January 31, 1977, respondent in this habeas corpus action was given 15 days to supplement the record of petitioner's parole consideration to explain an apparent error in the statement of reasons for the denial of parole. *See* Notice of Action dated Nov. 4, 1975. In the alternative, should an explanation of the apparent error in fact be impossible, respondent was given 30 days within which to conduct a new parole hearing. By letter dated February 4, 1977, respondent advised the Court that a new parole hearing would be conducted. Following a hearing held February 8, and by notice of action dated February 23, the Parole Commission informed petitioner that parole was again being denied, and that petitioner would be continued for a review hearing in October, 1977. *See* Document # 22.

Petitioner has filed motions for leave to file a supplemental petition and for release on bail pending resolution of the action. Respondent has filed a brief in opposition to the motion for release on bail. The Court will take this motion under advisement. Respondent's brief opposing the filing of a supplemental petition was due March 10, 1977 but has not been filed despite detailed notice of the necessity to do so. *See* Order of Feb. 16, 1977. Consequently, in accordance with Local Rule 301.-01, the motion for leave to file a supplemental petition is deemed unopposed, and leave will be granted. *See* Fed.R.Civ.P. 15(d). Respondent will be given 15 days to file a supplemental answer. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

In the Order of January 31, 1977, I reserved the question of whether the statement of reasons supplied petitioner in the November 1975 notice of action was adequate. *See generally United States ex rel. Jacoby v. Arnold,* 442 F.Supp. 144 (M.D.Pa., 1977). *If* petitioner has now been supplied with a notice fully comporting with the requirements of due process, *see* Notice of Action dated Feb. 23, 1976, this issue may now be moot. *See Hill v. Attorney General,* 550 F.2d 901 (3d Cir., 1977). At this time this issue remains before the Court, and should be addressed in the supplemental answer.

In the supplemental petition it is argued that respondent has made judicial admissions to the effect that petitioner would be entitled to release after 144 months in custody. It is now clear that petitioner has served over 148 months in custody. Therefore, it is argued, petitioner is entitled to release. Respondent must address this issue in the supplemental answer.

In addition, by petitioner's brief in reply to respondent's brief in opposition to the motion seeking bail, petitioner seeks to raise a third ground for the granting of habeas corpus relief. In the brief opposing the bail motion, respondent had attached the affidavit of Frank C. Johnston.[1] There-

---

1. Apparently, Mr. Johnston is the Administrative Hearing Examiner who determined, after the examiner panel split at the hearing February 8, that petitioner should be denied parole.

in, Mr. Johnston states that the most recent denial of parole was based upon the determination that institutional progress was poor until *1973,* and that the record of institutional misconduct including, but apparently not limited to two murders justified denial of parole. The murders, committed in 1962 and 1964, were mentioned in both the November 1975 and February 1977 notices of action. However, the notices contain no reference to petitioner's institutional progress between 1964 and 1973. By way of reply brief, petitioner contends that court orders in *Adams v. Carlson,* 368 F.Supp. 1050 (E.D.Ill.1973), and 375 F.Supp. 1228 (E.D.Ill.1974), removed the only blemishes on his institutional record for the period 1964 to 1973. Consequently, petitioner argues both that he had good institutional progress in the years 1964 to 1973, and that he had no notice during parole consideration that purported misconduct for those years was a ground for the denial of parole.

■ Petitioner cannot by way of brief raise new grounds for the granting of habeas corpus relief. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure, *Civil* § 1504 (1971). Instead, the Court will grant petitioner leave to file a supplemental petition within 15 days raising this further ground. *See* Fed.R.Civ.P. 15(d); Rule 1(b) & 11 of the Rules Governing Section 2254 Cases in the United States District Court. The personal affidavit of the petitioner may be incorporated by reference. A response, if necessary, will be ordered.

## SUPPLEMENTAL MEMORANDUM

■ The rather involved history of this case is set forth in the Memorandum of April 14, 1977. As I explained at that time, two contentions remain to be considered in this action:

(1) whether, under the doctrine of judicial preclusion, respondent's sworn

*See* 41 Fed.Reg. 37325 (Sept. 3, 1976) (§ 2.23(b)).

1. In the April 14 Order, I also gave petitioner the opportunity to supplement his petition and directly raise a third contention concerning a

statements to the effect that petitioner would probably be entitled to release after 144 months in custody prevent respondent from contesting petitioner's release now that an error in the calculation of petitioner's period of confinement has been discovered and it is known that he has already been confined in excess of 144 months; and

(2) whether petitioner has been given adequate statements of reasons when those statements failed to include the determinative reason for the denial of parole.[1]

Also before the Court is petitioner's motion for bail. Because petitioner is entitled to a new parole hearing, but not to court-ordered release, the motion for bail will be denied. *See Woodcock v. Donnally,* 470 F.2d 93 (1st Cir. 1972) (per curiam).

After a parole hearing in October 1975, petitioner was denied parole and continued until October 1977 for an institutional review hearing at that time. In the Notice of Action, dated November 4, 1975, which respondent has supplied, (Doc. # 21, filed Feb. 23, 1977), it was stated that petitioner had been in custody 120 months. In its "Response to Rule to Show Cause" (Doc. # 5, filed June 16, 1976), the government submitted the affidavit of a Parole Commission Research Assistant, James L. Beck, in which he stated that, for prisoners (such as petitioner) who have served a period of time in excess of guideline minimums,

"any prisoner who is continued to an institutional review hearing may expect parole at that time . . . . . Since Mr. Brown's continuance [of 24 months] to October of 1977 was not limited by the 36-month limit on continuances . . . ., it [the continuance] represents the Commission's judgment as to when Mr. Brown will be suitable for parole, absent

purported error in petitioner's institutional record. In June, counsel for petitioner indicated informally that this matter would not be pursued at this time. The alleged error will be considered only insofar as it relates to question of the adequacy of reasons for parole denial.

new information or institutional misconduct."

As observed in the Memorandum and Order of January 31, 1977, however, it appeared that, at the time of the October 1975 hearing, petitioner had in fact been confined for 132 months and not 120, and that, by early February 1977, petitioner had been confined 147 months, three months more than the 144 months that results from adding 120 months to petitioner's continuance of 24 months.

Petitioner argues first, in the supplemental petition for habeas corpus (Doc. # 17, filed Feb. 14, 1977), that

"the United States Parole Commission, by the sworn affidavit of Parole Commission Research Assistant James L. Beck filed in this action, has made judicial admissions, that, in the absence of any 'new information' or institutional misconduct on the part of petitioner after his October 1975 parole hearing, petitioner Brown is entitled to release on parole after serving 144 months on his present adult sentences."

Petitioner seeks to invoke the doctrine of preclusion against inconsistent statements, which, in general, forbids a party in a lawsuit from adopting a position, usually as to facts, inconsistent with a prior position. See Scarano v. Central R. Co. of New Jersey, 203 F.2d 510, 512–13 (3d Cir. 1953); 1B J. Moore & T. Currier, Moore's Federal Practice ¶ 0.405[8] (2d ed. 1974).

■ Assuming that the doctrine of preclusion is applicable in habeas corpus,[2] I find that there is no inconsistency here. As respondent correctly observes, Mr. Beck's statement quoted supra, is an explanation of the significance of petitioner's two-year continuance, in which Mr. Beck observes that prisoners, such as petitioner, who are already above their guideline minimum[3] can ordinarily expect parole when next con-

sidered at their institutional hearing. Mr. Beck was not representing what the Parole Commission would do when it next considered petitioner for parole two years hence. Mr. Beck was not stating that the parole denial had been based upon a need to serve an additional two years of custody, or even that the parole action had been based upon the misapprehension that petitioner had been confined 120 months. Therefore, Mr. Beck's statement is not inconsistent with respondent's present position that, notwithstanding that over 144 months of custody have been served, petitioner is not entitled to release. Since there is no inconsistency, the doctrine of preclusion will not be applied.

Petitioner also argues that he has not been given an adequate statement of reasons for the denial of parole.[4] Initially, this argument focused on the November 4, 1975 notice of action and the statement of reasons contained therein. But since this notice erroneously stated that petitioner had been confined about 120 months, respondent, as per the Order dated January 31, 1977, scheduled a new parole hearing. By notice of action dated February 23, 1977, petitioner was again denied parole, although the date of his next scheduled parole hearing, October 1977, remained unchanged. The new notice of action contains reasons that are essentially identical to those in the prior notice.

In both notices, reference is made to the specific nature of the crimes for which petitioner is presently incarcerated, viz. that he had killed two persons (in stabbing incidents two years apart). These offenses put petitioner in the category of "greatest" severity of offense behavior. That, plus petitioner's "fair" salient factor score, gave petitioner a guideline time in excess of 60

2. Many principles of civil litigation are not. For example, a habeas corpus petitioner cannot obtain a default judgment against the government. If the government fails to answer a petition, a hearing must nevertheless be scheduled to inquire into the facts. See Allen v. Perini, 424 F.2d 134 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970).

3. As to the operation of the parole guideline system generally, see 41 Fed.Reg. 37316 (Sept. 3, 1976) (§ 2.20).

4. See Memorandum and Order of Jan. 31, 1977, at 9–10.

months.[5] Although petitioner had served a period of time greater than the minimum period under the guidelines (he has now served about 153 months), the Commission stated in the most recent notice of action that release would depreciate the seriousness of petitioner's offenses and would therefore be "incompatible with the welfare of society."

Nothing in the notices themselves indicates any deprivation of due process; unlike other cases in which only "boilerplate" reasons are given a parole applicant continued beyond his guideline minimum, see, e. g., United States ex rel. Jacoby v. Arnold, Civil No. 76–1119, 442 F.Supp. 144 (M.D.Pa., 1977), reference is made in the notice to petitioner's specific offenses. However, as the Third Circuit has indicated, it may be necessary to look behind the reasons that are stated in the notice of action in order to insure that due process has been observed. See Zannino v. Arnold, 531 F.2d 687 (3d Cir. 1976).[6]

■ The record of petitioner's parole consideration [7] and the affidavit of the Administrative Hearing Examiner for the Northeast Regional Office [8] which the respondent Parole Commission has submitted establish that the notices petitioner received contained no information as to the actual basis for the denial of parole—petitioner's alleged misconduct while confined at the United States Penitentiary in Marion, Ill.[9]

Petitioner was confined at Marion from 1971 to December 1973, at which time he was transferred to Lewisburg. The failure to provide petitioner with information as to this charge violated general notions of procedural due process, the governing statute, and the Commission's own regulations.

While the notices petitioner received provided no indication that petitioner's institutional adjustment at Marion was being questioned, the now-available Hearing Summary, dated October 21, 1975, stated that petitioner "did not make a good record at Marion," and evaluated petitioner's parole application in these terms:

"His progress in the institution has continued to be poor until about two years ago. The panel feels that subject needs about 2 more years of good progress to prove himself ready for parole."[10]

As the February 1977 affidavit of the Administrative Hearing Examiner explains, petitioner had compiled, by November 1975, about two years of good institutional conduct while at Lewisburg, yet his institutional conduct at Marion for the preceding two years was considered poor. The Commission's attention was directed not merely at the total months in custody, as would be indicated by the notices of action, but primarily at the months of "completely conforming institutional behavior." Although the notices did not inform petitioner that the alleged misconduct at Marion was being

5. A change in the parole regulations increased petitioner's ultimate guideline time from in excess of 55 months (period applicable when petitioner was first considered for parole) to in excess of 60 months. See Fed.Reg. 37316 (Sept. 3, 1976) (§ 2.20).

6. In Zannino, there was no question as to the sufficiency of the reasons that had been provided as an explanation for the denial of parole. See 531 F.2d at 691 & n.19. Nevertheless, the challenge to the basis in the record for the Commission's action necessitated further inquiry.

7. See generally Response to Rule to Show Cause (Doc. # 5, filed June 16, 1976); Opposition to Petitioner's Motion for Bail (Doc. # 21, filed Feb. 28, 1977); Supplemental Answer (Doc. # 26, filed Apr. 29, 1977).

8. See Affidavit of Frank C. Johnson, dated Feb. 24, 1977, and appended to Doc. # 21, filed Feb. 28, 1977.

9. I do not reach the question of whether petitioner actually had a poor institutional record while at Marion. I decide only that, since this was the "determinative" factor in denying parole, see discussion infra, it should have been included in the notice of action.

10. See Hearing Summary appended to Doc. # 21, filed Feb. 28, 1977. Apparently, petitioner was not supplied a copy of this Hearing Summary until, of course, it became a matter of record in this action.

considered by the Commission,[11] these additional considerations were, according to respondent's counsel, felt to be "determinative" of the November 1975 and February 1977 parole denials.[12] It is not the Court's responsibility to review the record and determine whether the Commission was correct in its assessment of petitioner's institutional adjustment at Marion; it is sufficient to find, as I do, that petitioner was not informed in the notices of action that his conduct at Marion was the reason for denial of parole,[13] and that there is a legitimate dispute as to record petitioner compiled at Marion.

Petitioner contends, in his affidavit dated March 9, 1977, that the only blemish on his Marion record was corrected by the United States District Court for the Eastern District of Illinois. He alleges that he was one of 90 inmates who were rounded up for "investigation," placed in segregation, and found guilty of a work stoppage. In *Adams v. Carlson*, 375 F.Supp. 1228 (E.D.Ill. 1974), relief was granted to a class of Marion prisoners. This relief consisted, in part, of the placement of notations in the files of class members reciting that the disciplinary actions taken had been found by a federal court to have been made without due process.[14] Petitioner argues that, had the notices indicated reliance upon a purportedly poor record at Marion, he would have sought to explain his record by reference to the class action of which he was allegedly a part and other aspects of his Marion record.

■ Due process requires that, when misconduct is the basis for the denial of parole, the prisoner must be informed in the statement of reasons of that reliance. *See Foddrell v. Sigler*, 418 F.Supp. 324 (M.D.Pa.

1976); *Lupo v. Norton*, 371 F.Supp. 156, 161–62 (D.Conn.1974). In *Foddrell* the habeas corpus petitioner challenged the use by the Parole Commission of information in his file that went beyond the narrow crime to which he pled guilty. As I stated at that time, the Commission

"can consider information found in presentence reports and other data relating to unadjudicated criminal offenses *provided* that it informs the applicant of its reliance on that particular information and offers the applicant an opportunity to dispute its accuracy."

418 F.Supp. at 326 (footnote omitted; emphasis in original). While the alleged misconduct at Marion probably did not rise to the level of an "unadjudicated criminal offense," the principle of notice in the statement of reasons remains the same. In *Foddrell* I found that the Commission had

"clearly stated its reasons for denying parole, thereby offering petitioner sufficient opportunity to contest on administrative appeal the validity of the [Commission's] reasoning."

*Id.* In this case there has been no such opportunity, and, consequently, petitioner has been denied procedural due process.

The failure to alert petitioner in the second notice of action that misconduct at Marion was the reason for the denial of parole also violates the Parole Commission and Reorganization Act, 18 U.S.C.A. § 4201 *et seq.* (Supp.1977), and the Parole Commission's own regulations, found at 41 Fed. Reg. 37321 (Sept. 3, 1976). Under the Reorganization Act, effective May 14, 1976, if parole is denied, the notice of action "shall state with particularity the reasons for such

11. *See* Affidavit of Petitioner, par. 6, dated Mar. 9, 1977, appended to Doc. # 24, filed Mar. 11, 1977.

12. *See* Supplemental Answer of Respondent at 2 (Doc. # 26, filed Apr. 29, 1977).

13. Although denied by petitioner, there is a possibility that misconduct at Marion was mentioned during one of the two hearings on his parole application. Even if this were so, the mere mention of the Marion record might not be sufficient to alert petitioner to the critical

attention this matter eventually received. More significantly, the failure to focus on this determinative factor in the notice of action effectively prevented petitioner from properly exercising his right to be heard on the Marion matter at higher administrative levels on appeal. *See* discussion *infra*.

14. The Court did not order the expunging of the records of the disciplinary actions because of the administrative difficulties that would have been created. 375 F.Supp. at 1240–41.

denial." 18 U.S.C.A. § 4206(b).[15] While the new Act does not require that all reasons which could conceivably have entered into the decision-making process be stated in the notice of action, the requirement of particularity envisions inclusion of all significant reasons and should clearly have included the determinative factor in this denial of parole. In addition, under the parole regulations if parole is denied, notice in writing of "the reasons" is to be provided; the fact that the "prisoner has not substantially observed the rules of the institution or institutions in which confined" is one of the express reasons for parole denial which may be referred to in the notice of action. 41 Fed.Reg. 37321 (Sept. 3, 1976) § 2.13(c)(1)).[16] Due process is also violated when the Parole Commission fails to adhere to the applicable statutes and regulations.

Since the November 1975 and February 1977 notices of action did not contain references to the Commission's reliance on petitioner's institutional record while confined at the United States Penitentiary in Marion, Ill., and since this reliance was determinative of the parole denial, petitioner must be given a new parole hearing within 30 days.[17] Petitioner must be given a full opportunity to contest his 1971–73 institutional record at Marion if that is a basis upon which parole is hereafter denied.[18]

---

**15.** In the legislative history of the Act, an example is given of a prisoner who is continued beyond his guideline range. In a very real sense, petitioner (as a prisoner in the "greatest" category of offense behavior for which only a guideline minimum is provided) is in the same position as a prisoner in the "very high" category who is continued beyond his guideline range. *See United States ex rel. Jacoby v. Arnold,* Civil No. 76–1119, 442 F.Supp. 144, at 148 (M.D.Pa.1977). In the example, the new Act requires that the prisoner "receive a specific explanation of the factors which caused the Commission to reach a determination outside the guidelines." *See* Conference Report No. 94–648, 94th Cong., 2d Sess., at 27.

**16.** A similar provision was applicable to the first notice of action. *See* 40 Fed.Reg. 41332 (Sept. 5, 1975) (§ 2.13(b)(3)).

**17.** Petitioner had been scheduled for a parole hearing in October 1977, only several months hence.

**18.** The Court has been informed that petitioner has been transferred from Lewisburg, where he was confined when this action was filed, back to Marion. This Court, nevertheless, retains jurisdiction over this matter.