**Robert J. HEALY, Petitioner,**

v.

**Hon. Benjamin J. MALCOLM, Commissioner of the Department of Social Services of the City of New York, Respondent.**

**No. 77 Civ. 4012(MEL).**

United States District Court,
S. D. New York.

Sept. 17, 1980.

---

Ernest H. Hammer, New York City, for petitioner.

Robert M. Morgenthau, New York County Dist. Atty., New York City, for respondent; Norman A. Bloch, Asst. Dist. Atty., New York City, of counsel.

LASKER, District Judge.

Robert Healy petitions for a writ of habeas corpus on the grounds that the failure to play an allegedly exculpatory tape recording at his trial constituted prosecutorial suppression of evidence in violation of his right to due process, and ineffective assistance of counsel in violation of his sixth amendment rights.

Healy, a former job site supervisor for the Neighborhood Youth Corps Program, was convicted after a jury trial of forgery in the second degree and petit larceny for having endorsed and cashed paychecks made out to enrollees of the Youth Corps Program. Healy testified in his defense that he acted under the authorization and at the suggestion of his supervisor, George Pena, and cashed the checks and turned over the proceeds to the enrollees, or, if they were no longer employed there, to their replacements for whom funding had not yet cleared bureaucratic channels, but did not retain the proceeds himself. During his testimony, Pena denied having so authorized Healy.

The tape recording Healy claims should have been played at trial contained a conversation between Healy and Pena, which, although somewhat ambiguous, tends to support Healy's version of the facts.[1] The tape recording was not heard by the jury because of the inability of either the assistant district attorney or Healy's counsel to locate a machine capable of playing the tape.

Healy's petition and the motion to dismiss the petition were referred to Honorable Nina Gershon, Magistrate of this court, whose report recommends that the petition be denied.

For the reasons stated in her report, we adopt the findings and conclusions of the Magistrate that Healy has exhausted his state remedies and was "in custody" for purposes of 28 U.S.C. § 2254(a), and that there was no prosecutorial misconduct that denied Healy due process. Clearly, the prosecutor is under no affirmative duty to make the arrangements for introduction of

1. The unverified transcript of the tape reads as follows:

"Healy: Like they're all convinced now that I had the, that I had all the back checks. I never got all the back checks, isn't that so? I got some of those back checks.
Pena: You never got all of them. I couldn't even get them for you.
Healy: I know, I know, I'm not complaining about that, but these kids don't understand. They, they are driving me crazy. I mean, ah. Like a few times when there were checks missing you know for kids on the regular payroll you gave me someone else's check.
Pena: Uh, huh.
Healy: Do you recall that?
Pena: Oh, yea.
Healy: Yea, and remember you said I didn't, you said, I said I deposit this check in my account and I gave the kid the 12 bucks.
Pena: But how many of those.
Healy: Well two or three.
Pena: Yea."

exculpatory evidence in the possession of the defendant. However, for the considerations below, we modify her conclusion on the question whether Healy was not denied effective assistance of counsel.

The Magistrate determined that Healy was not denied effective assistance of counsel because the contents of the tape recording were not exculpatory as a matter of law. Specifically, she concluded that even if it were proven that Pena authorized Healy to cash the checks, that would not constitute a mistake of fact or mistake of law defense within the provisions of N.Y. Penal Law § 15.20 (McKinney 1967).

■ The crime for which Healy was convicted is statutorily defined as follows:

"A person is guilty of forgery in the second degree when, *with intent to defraud, deceive or injure another*, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:

1. A deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status; . . ."

N.Y. Penal Law § 170.10 (McKinney 1967) (emphasis added). Thus, one element of the crime is the intent to defraud. If, as Healy claims, he did not intend to defraud anyone, but meant only to shortcut bureaucratic obstacles to pay enrollees entitled to be paid, it would follow that he did not act with the criminal intent required to be guilty of the charges. The taped conversation supports Healy's claim that he did not act with criminal intent, and had the tape been introduced, the jury might reasonably have found that Healy, and not Pena, was telling the truth. In that case, the jury could have acquitted Healy because all the elements of the crime would not have been proven, and the question whether Healy had a valid defense of mistake of law or fact would never have been raised. Therefore, the tape recording contained evidence which was exculpatory as a matter of law.

■ This determination, however, does not end the matter. It remains to be decided whether the failure of Healy's attorney to arrange for the introduction of the tape rendered Healy's trial "a farce and mockery of justice." *United States v. Wight*, 176 F.2d 376, 379 (2d Cir. 1949), *cert. denied*, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950); *see United States v. Aulet*, No. 79–1228 (2d Cir. March 10, 1980); *Bellavia v. Fogg*, 613 F.2d 369 (2d Cir. 1979); *Indiviglio v. United States*, 612 F.2d 624 (2d Cir. 1979), *cert. denied*, 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980). That question cannot be fairly and adequately answered on the record as it stands.

While the evidence shows that the tape was not used, it is not entirely clear as to why it was not. In particular, the record is opaque as to what efforts defense counsel made to produce and play the tape at trial. The question whether defense counsel's assistance was effective or not may well turn on this point and certainly would be affected by it. Accordingly, the matter will be set down to hear the testimony of Healy's trial counsel and to determine whether in the totality of the circumstances Healy's counsel's failure to produce the tape entitles Healy to a writ of habeas corpus.