Robert Lee TOWNDROW, Petitioner-Appellant,

v.

Robert J. HENDERSON, Respondent-Appellee.

No. 1140, Docket 81–2300.

United States Court of Appeals, Second Circuit.

Argued May 25, 1982.

Decided Oct. 26, 1982.

---

Douglas Broder, New York City, for petitioner-appellant.

Wayne Benjamin, Asst. Atty. Gen., Albany (Robert Abrams, Atty. Gen. of N.Y., William J. Kogan, Asst. Sol. Gen., Albany, of counsel), for respondent-appellee.

Before MOORE, FRIENDLY and OAKES, Circuit Judges.

PER CURIAM:

This appeal by a state prisoner from the denial and dismissal of a petition for a writ of habeas corpus by the District Court for the Northern District of New York has a long procedural history. Petitioner Towndrow had been indicted in the Supreme Court of New York for Onondaga County on two counts of sodomy in the first degree, N.Y.Penal Law § 130.50(1), (3); two counts of sexual abuse in the first degree, *id.* § 130.65(1), (3); unlawful imprisonment in the first degree, *id.* § 135.10; assault in the third degree, *id.* § 120.00; and endangering the welfare of a child, *id.* § 260.10(1). On July 26, 1976, as the result of plea bargaining and on the advice of his then counsel, James McGraw, Towndrow pleaded guilty to the lesser included offense of attempted sodomy in the first degree, *id.* §§ 110.00 and 130.50(1), and to sexual abuse in the first degree, *id.,* § 130.65(1). The former charge carried a minimum sentence for first offenders of 1 to 3 years and a maximum sentence of 5 to 15 years; the latter was a Class D felony incurring a shorter sentence that would run concurrently, *id.* § 70.25(2). At the time of the plea, Towndrow was informed by the judge that "a different or additional punishment is prescribed, and expressly authorized, if you have previously been convicted of one or more felonies", see N.Y.Penal Law § 70.06(2). Six weeks before sentencing the state district attorney gave Towndrow notice pursuant to § 400.21 of the New York Criminal Procedure Law that the court would sentence him for attempted sodomy in the first degree as a second felony offender because of a 1967 conviction in Chenango County for grand larceny in the second degree unless the defendant controverted that conviction.

Sentencing occurred on September 24, 1976. Towndrow was represented on that day by McGraw's partner Beardsley. The latter first raised the question whether the larceny indictment had resulted in a youthful offender finding, in which event it

would not serve as a predicate felony under § 70.06(1) of the Penal Law. Mr. Beardsley was given an opportunity to examine the 1967 certificate of conviction and concluded, at least tentatively, that Towndrow had not been so treated. After having found that Towndrow was thus a second felony offender, the judge then turned to a defense motion for leave to withdraw the plea on the basis that Towndrow "was unaware that he had been convicted of a prior felony, being under the impression that he was treated as a youthful offender and this matter was never called to Mr. McGraw's attentions as to a prior felony until after the plea had been entered and after he had advised his client accordingly." Mr. Beardsley also raised a question concerning Towndrow's mental state at the time of the plea. The court denied the motion and proceeded to sentence Towndrow, as a predicate felon, to an indeterminate sentence of imprisonment for a maximum term of 15 and a minimum term of 7½ years, which would mean that he could not be considered for parole until he had served at least 3 years. In contrast, if given the minimum sentence of 1 to 3 years for the offense of attempted sodomy in the first degree, without augmentation because of the 1967 conviction, he would have been eligible for parole consideration in 12 months.

Represented by a different attorney, Towndrow appealed his conviction to the Appellate Division, for the Fourth Department. Counsel's brief argued error in the sentencing court's failure to require a hearing on Towndrow's mental state, error in adjudicating him a second felony offender, and imposition of an excessive sentence. For reasons not appearing on the record, that appeal was not heard until 1979, when the court affirmed without opinion. The New York Court of Appeals denied leave to appeal. *People v. Towndrow*, 48 N.Y.2d 804, 423 N.Y.S.2d 1031, 399 N.E.2d 961 (1979).

After an effort to proceed in federal court was rejected for failure to exhaust state remedies,[1] Towndrow next filed two pro se motions in state court to vacate the judgment.[2] The grounds for his first motion were the denial of his right to testify before a grand jury and the failure of his counsel and the district attorney to inform him of this right. His second motion four months later challenged the failure of the sentencing court to advise him of the consequences of his plea, and raised a constitutional claim questioning the competency of his trial counsel because counsel had not notified him of his opportunity to appear before the grand jury. The Supreme Court, Onondaga County, denied both motions without a hearing, for unjustifiable failure to raise the grounds at issue on direct appeal from the conviction.[3] In both instances, the Appellate Division denied Town-

1. The District Court for the Northern District of New York, Port, J., approved and adopted the Report and Recommendation of Magistrate Conan in an order, dated Aug. 1, 1980. In denying a certificate of probable cause, this court, by order dated November 21, 1980, rejected two claims on the merits, and the third for failure to exhaust state remedies. Only the third claim—that Towndrow entered his plea without adequate understanding of the consequences of being sentenced as a predicate felon pursuant to § 70.06 of the New York Penal Law—is relevant to the present case.

2. N.Y.Crim.Proc. Law § 440.10 (McKinney 1971) provides a means of collateral attack on New York State convictions on numerous grounds, including that: "The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States." *Id.* § 440.10(1)(h).

3. *People v. Towndrow,* No. 76/917, Decision-Order (N.Y.Sup.Ct., Oct. 22, 1980) (Gorman, J.); *People v. Towndrow,* No. 76/917, Decision-Order (N.Y.Sup.Ct., Feb. 27, 1981).
   The court must deny a motion under N.Y. Crim.Proc. Law § 440.10 when:
   Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him
   . . . .
   *Id.* § 440.10(2)(c).

drow's application for a certificate granting leave to appeal.[4]

Following this state court denial of review, Towndrow filed a pro se habeas corpus petition in the Northern District of New York on June 15, 1981, pursuant to 28 U.S.C. § 2254 (1976). His first ground was the failure of the sentencing court to advise him of the consequences of his guilty plea.[5] The second ground was the denial of effective assistance of counsel:

> Counsel exhibited a lack of basic knowledge of criminal procedure and failed to protect the petitioner's rights. The record will clearly show that counsel did nothing with the exception of advising petitioner to enter a plea of guilty. He failed to advise the petitioner that he had a right to testify before the grand jury.

■ This petition was denied and dismissed without a hearing.[6] A certificate of probable cause was issued by this court, and new counsel for Towndrow was assigned. In his vigorous brief and argument, counsel first raised one of the points unsuccessfully urged below, namely, that Towndrow's right to due process was abridged when the court permitted him to plead guilty without full knowledge of the consequences. He also argued an ineffective assistance of counsel claim. This, however, bears scant resemblance to the claim on that subject raised in Towndrow's state § 440.10 proceeding and in his habeas petition in the district court. The only incompetency of counsel specifically alleged in the § 440.10 proceedings was the failure to notify defendant of his right to testify before the grand jury. This also was the sole instance of incompetency specifically alleged in the federal habeas petition. Here, however, the argument has taken quite a different turn.

Nothing is said of counsel's failure to inform Towndrow of his right to appear before the grand jury. The alleged incompetency instead consists of counsel's having "allowed him to plead guilty without first having ascertained the existence and status of Mr. Towndrow's prior conviction and without informing Mr. Towndrow that he would be subject to sentencing as a predicate felon." This claim has never been presented to the New York courts and we must decline to consider it. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ However, this case does not present the situation of a combination of exhausted and unexhausted claims with which the Supreme Court dealt in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a decision given retrospective effect in *Duckworth v. Cowell,* —— U.S. ——, 102 S.Ct. 1626, 71 L.Ed.2d 858 (1972); *Rodriquez v. Harris,* 455 U.S. 997, 102 S.Ct. 1627, 71 L.Ed.2d 858 (1982); and *Bergman v. Burton,* —— U.S. ——, 102 S.Ct. 2026, 72 L.Ed.2d 478 (1982). Here the claims raised in the federal habeas *petition* had both been exhausted, and appellate counsel's assertion of an unexhausted claim should not prevent us from ruling on Judge Foley's order.

■ We think that order properly disposed of the claims asserted in the petition—failure of the sentencing court to advise Towndrow of the consequences of his plea and the denial of effective assistance of counsel because of lack of advice regarding Towndrow's opportunity to appear before the grand jury. The ineffective assistance of counsel point, in the form presented in the petition, had been forfeited because it was never presented to the Appellate

---

**4.** *Id.* § 460.15. A grant of leave to appeal to the Appellate Division certifies that the case involves reviewable questions of law or fact.

**5.** As stated in his petition:

> The sentencing court failed to advise the petitioner of the specific difference in punishment petitioner would face namely, that as a predicate felon sentenced for a Class C felony, he would face a mandatory minimum sentence of six years. N.Y.Penal Law 70.-

06(3)(b). Such failure to to so advise by the court served to prevent the petitioner from knowingly and intelligently entering a plea of guilty to the crimes charged.

**6.** *Towndrow v. Henderson,* No. 81–CV–772, Memorandum-Decision and Order (N.D.N.Y. July 24, 1981). Judge Foley dismissed the petition without a hearing on the ground, *inter alia,* that the issues were barred for unjustifiable failure to raise them on direct appeal.

Division on the appeal taken to that court, *Forman v. Smith,* 633 F.2d 634, 638–40 (2 Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981). No adequate showing was made as to what cause there was for such failure to assert a claim of whose existence Towndrow's new counsel in the state courts, as demonstrated in his brief, was fully aware. We also cannot discern any statement in Towndrow's Appellate Division brief that any judge not apprised of the contention in advance would take as challenging the failure of the lower court judge to advise Towndrow of the consequences of his guilty plea if he had committed a prior felony, although the magistrate on the first habeas was able to do so. Here again there is no showing of cause.

We therefore affirm the dismissal of the instant petition. We intimate nothing with respect to the proper result if Towndrow should choose to press his present ineffective assistance of counsel claim in the state courts under § 440.10 and, if that should fail, by a third federal habeas petition.