**Walter SANDERS, Petitioner,**

v.

**James E. SULLIVAN, Robert Abrams, The Attorney General of the State of New York, Respondents.**

**No. 85 Civ. 4014 (CBM).**

United States District Court, S.D. New York.

Jan. 21, 1987.

Walter Sanders, Bedford Hills, N.Y., pro se.

Robert M. Morgenthau, Dist. Atty. by Arthur G. Weinstein, and Robert M. Raciti, New York City, for respondents.

OPINION

MOTLEY, District Judge.

Petitioner Walter Sanders is currently serving concurrent sentences of from five to fifteen years pursuant to his convictions for manslaughter in the second degree, two counts of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the second and third degrees. Petitioner was convicted of these crimes by a jury in the New York County Supreme Court and now seeks federal habeas corpus relief pursuant to 28 U.S.C. Section 2254(a).

Because this court has concluded that an evidentiary hearing on certain of petitioner's claims is necessary, it will not reach the merits of the petition in this opinion. For background, however, a brief account of the crime for which petitioner is now imprisoned will be useful.

On the evening of October 14, 1980, petitioner and an accomplice, Omar Sabir, met with Carmelo Perez in the hallway outside the latter's apartment in Harlem. According to Perez, a known drug dealer, he was being robbed. According to petitioner, he and Sabir had gone to the apartment to buy drugs from Perez. During the dispute that arose between Perez and the two men, the door to Perez's apartment was opened and Perez's common law wife appeared. Shots were fired in which Sabir, petitioner's accomplice, was killed. Petitioner left the scene a short while later.

At trial, Perez, the State's key witness, testified that Sabir was shot by petitioner, apparently by mistake, when Perez's common law wife opened the apartment door into the hallway and was told by one of the robbers to close the door or he would shoot her. According to petitioner's testimony, however, Sabir was shot by Perez's common law wife during the course of a drug transaction gone sour.

Petitioner raises four separate alleged defects in the state court proceedings as grounds for his requested habeas relief here. These are 1) prosecutorial misconduct in allegedly referring to petitioner's failure to call a defense witness; 2) the trial judge's improper discharge of a sworn juror; 3) ineffective assistance of counsel; and 4) knowing use by the prosecutor of perjured testimony. In addition, in his brief, filed several months after his habeas petition, petitioner alleges that "juror misconduct" infected the deliberations and that a hearing is necessary to explore the nature of the alleged misconduct. Finally, in a separate motion, petitioner has requested court appointed counsel and also an evidentiary hearing pursuant to 28 U.S.

C. section 2254(d)(2), (3), (6), (7) on two of the issues raised in his main habeas petition.

*Exhaustion*

There is no dispute that as to the four grounds raised in his habeas petition, itself, petitioner has satisfied the exhaustion of state remedies requirement. 28 U.S.C. Sections 2254(b), (c); *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (*per curiam*). Two of the four claims, those of prosecutorial misconduct and improper discharge of a sworn juror, were raised on appeal to the New York State Appellate Division, First Department. Here, petitioner's conviction was affirmed without opinion, and leave to appeal to the New York Court of Appeals was denied. Petitioner's other two claims—that of ineffective assistance of counsel and of the prosecutor's knowing use of perjured testimony—were raised in the State Supreme Court in which petitioner was convicted in the form of a *coram nobis* motion pursuant to New York Criminal Procedure Law Section 440.10. This motion was denied. Petitioner's application for leave to appeal this ruling to the Appellate Division was also denied.[1]

■ The fifth claim raised by petitioner, however, the claim of juror misconduct which was raised only in his brief, has not been exhausted in state court. Although petitioner's brief is somewhat unclear as to the nature of this alleged juror misconduct, thus leaving open the possibility that petitioner is merely referring to the "improper discharge of a sworn juror" claim made in his original petition, it is evident from petitioner's citations that this new "misconduct" claim is distinct from any claim already raised in the petition itself. The cases of *People v. Phillips*, 87 Misc.2d 613, 384 N.Y.S.2d 906 (S.Ct. N.Y.Co.1975), *People v. Catalanotte*, 67 Misc.2d 351, 324 N.Y.S.2d 106 (S.Ct. Kings Co.1971), and *People v. Whitmore*, 45 Misc.2d 506, 257

---

1. There is no appeal as of right of a trial court's denial of a 440.10 *coram nobis* motion. Furthermore, the denial of leave to appeal is itself not appealable, even to the Court of Appeals.

*See* N.Y. Criminal Procedure Law Section 450.-15. Thus, with regard to the second two claims raised by petitioner in his 440.10 motion in state court, there is no failure of exhaustion.

N.Y.S.2d 787 (S.Ct. Kings Co.1965), rev'd on other grounds, 27 A.D.2d 939, 278 N.Y. S.2d 706, cited in petitioner's brief all present classic allegations of juror misconduct, and have nothing to do with improper juror discharge. Thus, the additional ground of "juror misconduct" raised in petitioner's memorandum is indeed a distinct, new, and unexhausted claim that ordinarily would render this a mixed petition not amenable to adjudication by this court under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Dismissal is not required in the present case, however, because Sanders' petition is not in fact a mixed one. Petitioner's "fifth" claim of "juror misconduct," because it is mentioned only in his brief, is not properly a part of his petition. *United States ex rel. Brown v. United States Bd. of Parole*, 443 F.Supp. 477, 479 (M.D.Pa. 1977) (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure*, Civil, section 1504 (1971)). *See also Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir.1984) (petition does not become "mixed" simply because petitioner attempts to insert unexausted claims during the course of proceedings; new issues must be raised in a separate habeas proceeding); *Robinson v. Wade*, 686 F.2d 298, 304–05 (5th Cir.1982) (same; new claims properly added only by amendment); *Powell v. Spalding*, 679 F.2d 163, 165–66 (9th Cir.1982) (same). *Cf. Lucy v. Gabriel*, 732 F.2d 7, 11 (1st Cir.1984), *cert. denied* 469 U.S. 861, 105 S.Ct. 195, 83 L.Ed.2d 128 (1984) (unexhausted "claim" raised sua sponte by trial judge does not render otherwise exhausted petition mixed); *Ahlswede v. Wolff*, 720 F.2d 1108, 1109 (9th Cir.1983) (unexhausted "claim" raised not in petition but on appeal only does not render petition mixed); *Towndrow v. Henderson*, 692 F.2d 262, 265 (2d Cir.1983) (*per curiam*) (same). Accordingly, because petitioner's unexhausted claim of juror misconduct was made only in a memorandum filed months after the actual petition, and was neither asserted in the habeas corpus petition, nor in a properly made amendment to the petition, this claim does not render the petition a mixed one requiring dismissal. Thus, only the four grounds raised in the habeas petition will be considered by this court. Since petitioner's allegation of juror misconduct is not properly before the court, it will not be addressed in this opinion.

*Appointment of Counsel and Evidentiary Hearing*

Before the merits of Sanders' petition can be reached, his request for appointment of counsel and for an evidentiary hearing must be addressed. For the reasons that follow, this court determines that an evidentiary hearing is required in this case on two of petitioner's claims.

Petitioner's request for an evidentiary hearing is premised on 28 U.S.C. Section 2254(d)(2), (3), (6), (7). Under this section of the habeas statute, which mandates that deference be given the factual conclusions of state tribunals, a federal habeas petitioner is entitled to an evidentiary hearing in his federal habeas proceeding where the state proceedings failed to resolve factual disputes implicating petitioner's constitutional rights or inadequately or unfairly developed the facts. *See Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Suggs v. LaVallee*, 570 F.2d 1092, 1114–15 (2d Cir.1978), *cert. denied*, 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263.

Petitioner's request for an evidentiary hearing in this action is directed to the third and fourth claims in his habeas petition—his allegation of ineffective assistance of counsel and his allegation that the prosecutor knowingly relied on perjured testimony by a key State witness. Both of these claims, which were raised before the state tribunal by way of a *coram nobis* motion, were dismissed by the state court summarily without any factual findings.

■ Petitioner's ineffective assistance of counsel claim involves charges that petitioner's attorney improperly neglected to subpoena an allegedly crucial defense witness, and also failed adequately to consult with petitioner. Under *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984), in order to make out a claim of ineffective assistance of counsel in violation of the Sixth Amendment, it must be shown both

that defense counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result would have been different. Having reviewed the record in this case, the court finds especially troubling the failure of defense counsel to have called as a witness Ella Mae Richardson, whose account of her own observations of the crime scene as reflected in her statement to the police would have tended to place in serious doubt the testimony of the State's key witness.

The court is not willing to determine without a hearing that defense counsel's failure to call this witness was clearly a reasonable strategic decision under the standard set forth in *Strickland. See Code v. Montgomery,* 725 F.2d 1316 (11th Cir.1984) (*per curiam*) (evidentiary hearing required on petitioner's allegation that defense counsel unreasonably failed to investigate or press alibi defense); *Sneed v. Smith,* 670 F.2d 1348, 1353–55 (4th Cir. 1982) (*per curiam*) (evidentiary hearing necessary where petitioner made specific and supported allegations that defense counsel failed to call crucial witness); *Healy v. Malcolm,* 496 F.Supp. 941, 943 (S.D.N. Y.1980) (evidentiary hearing granted on Sixth Amendment claim grounded in defense counsel's alleged failure to introduce exculpatory evidence); *Perez v. Metz,* 459 F.Supp. 1131, 1139–41 (S.D.N.Y.1977) (evidentiary hearing granted on ineffective assistance claim, notwithstanding possibility that defense counsel's decisions were strategically justified). Furthermore, in light of the confusing and inconclusive nature of the evidence in this case, the court is not willing to conclude that the failure to call this possibly exculpatory witness may not have made a crucial difference in the outcome of this case, thus satisfying the second prong of the *Strickland* test for an ineffective assistance of counsel claim.

Since petitioner's allegations of ineffective assistance of counsel were not factually explored in the state proceedings and because they are sufficient on their face to state an ineffective assistance of counsel claim under the two-pronged *Strickland* standard, petitioner's request for an evi-

dentiary hearing on this claim is granted. *See Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (factual inquiry by district court necessary on ineffective assistance claim in habeas petition to determine "prejudice," where defense counsel's conduct in state proceeding was unreasonably deficient). *See also Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (no evidentiary hearing on ineffective assistance of counsel claim required in habeas context where petitioner failed to show sufficient prejudice under *Strickland* for colorable ineffective assistance of counsel claim).

■ Petitioner's request for an evidentiary hearing on his fourth claim that the prosecutor knowingly relied on perjured testimony is less problematic and should clearly be granted. It is well-established that a prosecutor's knowing use of perjured testimony constitutes a violation of a defendant's constitutional rights. *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). It is similarly clear in this Circuit that where petitioner has alleged a prosecutor's knowing introduction of perjured testimony, and has offered at least some support for these allegations, an evidentiary hearing by the district court is required if the factual record developed in the state proceedings is undeveloped or inadequate on the point, *Perkins v. Le-Fevre,* 642 F.2d 37, 40–41 (2d Cir.1981). *See also Austin v. McKaskle,* 724 F.2d 1153, 1156 (5th Cir.1984); *Pierce v. Cardwell,* 572 F.2d 1339, 1343 (9th Cir.1978).

Petitioner supports his claim that his conviction was premised on perjury by an affidavit signed by the State's key witness, Perez. In this affidavit, which was obtained by petitioner when both he and Perez were fellow inmates at Sing–Sing Prison, Perez recants his trial testimony that petitioner committed the homicide in question and explains that his motive for the alleged perjury at trial was to protect his common law wife who in fact shot the victim. Although petitioner offers absolutely no support for his explicit contention that the prosecution *knowingly* used this allegedly perjured testimony, petitioner is

not required to establish all elements of his claim at this preliminary point. Petitioner has made out a sufficient allegation of improper prosecutorial use of perjured testimony to warrant an evidentiary hearing on this issue.

*Appointment of counsel*

The court having determined that an evidentiary hearing is required on two of the issues raised in petitioner's habeas application, the court is required to appoint counsel for petitioner under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. following Section 2254. Accordingly, pursuant to Rule 8(c) of the Rule Governing Section 2254 Cases, 28 U.S.C. following Section 2254, and pursuant to 18 U.S.C. Section 3006A, which is incorporated therein, petitioner's request for appointment of counsel is granted in this case. The court notes that the first two grounds for relief asserted in petitioner's habeas application do not require an evidentiary hearing and, in fact, appear not to meet the threshold "merit" requirement set forth in the Second Circuit's recent delineation of the standard for court-appointed counsel, *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir.1986). In the interests of justice and good sense, however, the appointment of counsel now ordered in this case shall be for all aspects of the present habeas petition. *See* 18 U.S. C. Section 3006A(g); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. following Section 2254.

CONCLUSION

Petitioner's request for an evidentiary hearing on his claims of ineffective assistance of counsel and of knowing prosecutorial use of perjured testimony is granted. Petitioner's request for appointment of counsel is also granted.

An evidentiary hearing on petitioner's ineffective assistance of counsel claim and his claim that the prosecutor knowingly used perjured testimony shall be held on May 1, 1987 at 2:00 P.M. in courtroom 906. Counsel shall advise the court by April 10, 1987 whether the presence of petitioner at the hearing is necessary or warranted.