UNITED STATES of America, ex rel.
Charles PETRI, Petitioner,

v.

WARDEN, ALLENWOOD FEDERAL
PRISON CAMP et al., Respondents.

Civ. No. 80–0066.

United States District Court,
M. D. Pennsylvania.

April 23, 1980.
As Amended Jan. 28 and April 21, 1981.

Daniel J. Kornstein, New York City, for
petitioner.

Frederick E. Martin, Asst. U. S. Atty.,
Lewisburg, Pa., for respondents.

ORDER

MUIR, District Judge.

Petri, an inmate at the Allenwood Federal Prison Camp, Montgomery, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he attacks a decision of the United States Parole Commission to deny him parole and which continued him to the expiration of his sentence. The case was referred to United States Magistrate Durkin to conduct necessary proceedings and to make his report and recommendation to the Court. The Magistrate issued a rule to show cause on January 22, 1980. Respondents filed an answer to the petition accompanied by a brief filed on February 11, 1980 and filed documents in support of their answer on February 13, 1980. Petri, who is represented by counsel, chose not to file a reply to the respondents' answer. On March 18, 1980, Magistrate Durkin filed a report recommending that Petri's petition be denied. Petri filed exceptions to the Magistrate's report on April 1, 1980. For the reasons which follow, the Court will adopt the Magistrate's recommendation and deny Petri's petition.

Petri was sentenced on May 12, 1977 to a term of four years' imprisonment following his conviction in the United States District Court for the Southern District of New York of conspiracy to misapply monies of the Chemical Bank of New York, to prepare and submit false financial statements for the purpose of obtaining loans from Chemical Bank and from the Bank of New York and to make false entries in Chemical's books and records in violation of 18 U.S.C. § 371. He was also convicted of misapplication and assistance in the misapplication of approximately $1,145,000 in Chemical Bank funds in violation of 18 U.S.C. §§ 2, 656, as well as one count of preparation of false financial statements in violation of 18 U.S.C. § 1014 for the purpose of influencing Chemical to make a loan. *See United States v. Hockridge*, 573 F.2d 752, 754 (2d Cir.) *cert. denied sub nom. Petri v. United States*, 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978).

By an order dated April 5, 1979, the sentencing judge modified Petri's sentences and ordered that Petri be eligible for parole on May 1, 1979 pursuant to 18 U.S.C. § 4205(b)(1). Petri received a parole hearing on July 30, 1979 when he was incarcerated at the Metropolitan Correctional Center, New York, New York. The hearing panel considered the fact that Petri was sentenced to four years imprisonment on the conspiracy and misapplication counts and two years imprisonment on the false statements account, all of which were to run concurrently. In addition, the examiner panel considered the pre-sentence report, the fact that the sentencing judge had modified the sentence to make Petri eligible for parole, and Petri's institutional adjustment and social history.

The examiner panel determined that for the purposes of the guidelines at 28 C.F.R. § 2.20 (1979) Petri's offense severity should be rated as Greatest I because it involved embezzlement in excess of $500,000. The panel computed Petri's salient factor score at eight and after considering all the information before it, determined that a decision outside the guidelines of 52 to 64 months was not appropriate. This decision resulted in Petri being continued to the expiration of his sentence.

Petri was informed of this decision by a notice of action dated August 20, 1979. The decision was affirmed by the Regional Commissioner by notice of action dated October 16, 1970. The National Appeals Board, by notice of action dated January 17, 1980, affirmed the decision after modifying Petri's salient factor score to give him a score of nine. Under the guidelines at 28 C.F.R. § 2.20 (1979), the higher the salient factor score the shorter the term of imprisonment. This resulted in a guideline range of 40 to 52 months. The National Appeals Board determined that a decision outside the guidelines was not warranted and affirmed the decision to continue Petri to expiration of his sentence with a statutory review hearing in January, 1981.

One claim Petri makes in his petition is for an order in the nature of mandamus to

compel the National Appeals Board to render a decision on his appeal. Inasmuch as the National Appeals Board reached its decision on January 17, 1980, four days before he filed this action, Petri's request for an order in the nature of mandamus will be denied as moot.

Initially, Petri argued that the Commission's decision to rate his offense as Greatest I was improper because Petri alleged he was not convicted of a property offense involving more than $500,000. Petri argued that the Commission could only consider the $75,000 involved in the section 1014 conviction. In his exceptions to the Magistrate's report, however, Petri appears to have abandoned this theory and instead argues that the application of the parole guidelines to his case is unconstitutional.

■ Petri's decision to forego reliance on his initial argument was a good one in view of the fact that it is without merit. As the Court of Appeals opinion affirming his conviction makes clear, Petri was convicted of conspiring to, misapplication of and assistance in the misapplication of over a million dollars of funds of the Chemical Bank of New York. Note 1 accompanying the guidelines at 28 C.F.R. § 2.20 (1979) provides that a conviction for conspiracy in which the substantive offense was consummated shall be treated as if the Defendant committed the substantive offense. In addition, the Court of Appeals opinion recites that it was Petri who borrowed in excess of $1,300,000 from Chemical Bank through a number of worthless corporations owned by a "mini-conglomerate" controlled by Petri. It was from these transactions that Chemical ultimately lost over $1,100,000. *United States v. Hockridge*, 573 F.2d 752, (754–55) (2d Cir.), *cert. denied, sub nom., Petri v. United States*, 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978). Petri has never denied these contentions and it is the Court's conclusion that the Parole Commission was justified in relying on these facts, as well as the pre-sentence report which contained substantially the same information, in placing Petri's offense behavior in the Greatest I range.

■ Petri's argument that the guidelines at 28 C.F.R. § 2.20 (1979) cannot be constitutionally applied to him is unpersuasive. Petri argues that it is unconstitutional for the Parole Commission to place his offense severity in the Greatest I range merely because of the dollar amount involved. He argues that it is arbitrary to apply the same parole guidelines to his offense which are applied to aggravated felonies, arson, kidnapping, and certain homicides. It is the Court's view that the guidelines at 28 C.F.R. § 2.20 (1979) are a reasonable exercise of the Commission's duty to promulgate rules and regulations to establish guidelines for parole as required by 18 U.S.C. § 4203(b). In addition, as the guidelines themselves make clear at 28 C.F.R. § 2.20(c), decisions outside the guidelines may be rendered "[w]here the circumstances warrant." The summary of Petri's parole hearing and the Commission's August 20, 1979 notice of action indicate that the Commission considered a number of factors besides the dollar amount involved in Petri's offense in reaching its decision. That decision has a rational basis and will not be disturbed by this Court. *See Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976).

■ Several other points deserve mention. Petri alleges in a general way that the pre-sentence report contains inaccurate information. The Commission was entitled to rely on the pre-sentence report in reaching its decision. 18 U.S.C. § 4207(3); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 945 (2d Cir. 1976); *Foddrell v. Sigler*, 418 F.Supp. 324, 326 (M.D. Pa.1976). If Petri still maintains that the pre-sentence report contains inaccurate information he should seek a correction of the report from the sentencing court. *See* F.R. Crim.P. 32(c) *Thompson v. United States Parole Commission*, Civil No. 78–778 (M.D.Pa. January 25, 1979). Petri's vague allegations of inaccuracies in which he does not dispute the salient facts in his case do not warrant any action by this Court.

■ Petri also argues that the Commission did not give adequate weight to the

**8**

sentencing judge's decision to make Petri eligible for parole on May 1, 1979. The hearing summary makes clear that the Commission considered that fact in arriving at its decision. It was for the Commission to determine what weight that fact should be given. Eligibility for parole does not mean that a prisoner will be granted parole. Having considered the fact that the sentencing judge made Petri eligible for parole, the Commission was nonetheless free to determine that Petri's release on parole was not appropriate.

Since it appears that Petri was given meaningful parole consideration and that the Commission's decision to deny him parole was not arbitrary or capricious, the Court, on the basis of the Magistrate's report and a *de novo* review of the record, will deny Petri's petition for writ of habeas corpus.