**William BORRE**

v.

**William GARRISON, et al.**

**Civ. A. No. 81–0460–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 26, 1982.

William Borre, pro se.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

William Borre, an inmate at the Federal Correctional Institution in Petersburg, Virginia, proceeding *pro se* and *in forma pauperis*, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241 challenging the validity of the decision of the United States Parole Commission. On 15 June 1981, respondents filed a motion for summary judgment to which petitioner has responded. Defendants' motion is now ripe for consideration.

In support of his claim for habeas relief petitioner makes the following allegations:

a) That the United States Parole Commission violated petitioner's due process rights by relying on materially false and inaccurate information;

b) That the Commission violated petitioner's due process rights by not affording petitioner sixty (60) days notice prior to the hearing for discovery purposes;

c) That the Commission has frustrated the sentencing court's intention by making improper determinations on sentences not yet commenced.

Respondents submit the affidavit of Jack Schneider, Case Analyst, United States Parole Commission, in support of their motion. That affidavit contains the following recitation of facts with respect to this case. On 21 July 1978, petitioner was convicted on one count of interstate transportation of stolen goods and two counts of possession of stolen goods from interstate shipments. On 11 September 1978, he was sentenced to a four-year term of imprisonment on the interstate transportation of stolen goods' conviction. On the other two convictions, the imposition of sentence was suspended, and petitioner was sentenced to a five-year probation term on each count to run concurrently with one another and to commence upon completion of his four-year term of imprisonment. The pre-sentence report dated 18 August 1978, contains a description of the three offenses for which petitioner was convicted.

The report indicates that on 5 May 1977, petitioner was stopped by FBI agents while driving a rented truck containing approximately 250 cases of stolen merchandise.

The report further states that a search of petitioner's warehouse uncovered an additional 600 cases of stolen appliances. These appliances were found to be part of a 15 April 1977 theft of some 2,804 cases of General Electric appliances. The approximate total value of the theft was $500,000. The report also states that approximately 2,000 cases of Lederle drugs were located. The report states that these drugs were hijacked in March 1977. The value of the entire shipment of these drugs was estimated at about $4,000,000. The presentence report indicates that the charges upon which petitioner was convicted are the following:

a) Transportation of approximately 271 cartons of stolen General Electric radios;

b) Possession of 1,145 cartons of General Electric radios that were stolen in interstate shipment;

c) Possession of about 2,061 cases of Lederle drugs and medicines that were stolen in interstate shipment.

Mr. Schneider's affidavit indicates further that on 20 March 1980, petitioner was afforded his initial parole hearing at FCI Petersburg. The parole examiners disagreed as to the proper offense severity and as to the proper parole decision in petitioner's case. One examiner recommended that petitioner be continued to the expiration of his sentence, the other examiner recommended a presumptive parole date after service of 16 months.

Upon review in the Regional Office, pursuant to 28 C.F.R. § 2.23(b), the Administrative Hearing Examiner agreed with the examiner who recommended a continuance to expiration decision. This became the effective recommendation of the panel under that regulation. The Administrative Hearing Examiner relied upon the information contained in the presentence report and found that petitioner should be held accountable for the goods found in his warehouse since he had been convicted of possession of those goods in the last two counts of the indictment. Thus, the Administrative Hearing Examiner concluded that the total offense behavior committed by

petitioner should be rated in the Greatest I severity category. This determination was reviewed by the Regional Commissioner and was approved, thereby becoming the effective decision of the Commission. Petitioner was advised of this decision by Notice of Action dated 14 April 1980.

Petitioner then filed an appeal to the Regional Commissioner who affirmed the decision on 25 June 1980. Petitioner also appealed to the National Appeals Board. The National Appeals Board decided to affirm the previous decision, and petitioner was advised of this by Notice of Action dated 28 October 1980.

I.

■ First, petitioner claims that the Commission relied on false and inaccurate information in rendering its decision. As noted in the hearing summary attached to the Schneider affidavit, the sentencing judge advised the Commission in the form AO-235 that "Borre was caught with over a $1,000,000 worth of stolen goods in his warehouse. In the face of overwhelming guilt, he continues to assert his innocence." Additionally, the pre-sentence report verifies that the total amount of stolen goods in petitioner's possession exceeded $500,000.

Whether the actual amount was in excess of $500,000 or in excess of $1,000,000 is of no importance as the fact that the total loss exceeded $500,000 is sufficient to place the offense in the Greatest I offense category. See 28 C.F.R. § 2.20; see also United States ex rel. Petri v. Warden, 507 F.Supp. 5, 6 (M.D.Pa.1980). Accordingly, it is the opinion of the Court that the information relied upon by the Parole Commission was sufficiently accurate for that Commission to consider in determining petitioner's parole eligibility.

II.

■ Petitioner next contends that he was not provided with adequate notice of his right to disclosure information used by the Commission at his hearing. This claim fails since petitioner has failed to make a show-

ing of prejudice flowing from the alleged denial. *See Payton v. Thomas,* 486 F.Supp. 64, 67 (S.D.N.Y.1980). Following the hearing and pursuant to his request, petitioner was afforded the opportunity to present to the Parole Commission by way of his regional and national appeals, his allegation of erroneous information. Thus, there is no substance to his claim that he was injured because of the alleged failure to make prompt disclosure of his file. Accordingly, this claim will be dismissed.

### III.

█ Last, petitioner claims that it was improper for the Commission to consider the convictions on counts 2 and 3 for which he received terms of probation. Petitioner contends that the Commission should have been permitted to only consider the evidence regarding the conviction on Count 1 which resulted in the term of imprisonment for which he now seeks parole. This argument is simply without merit. The Commission has broad authority and responsibility to consider all relevant information in making its decision regarding the suitability of an inmate for parole. *See* 18 U.S.C. § 4207; *Billiteri v. United States Board of Parole,* 541 F.2d 938, 944 (2d Cir. 1976) in which the Court stated:

> If, therefore, the sentencing judge is not limited to a consideration of only that criminal conduct of the defendant which related to the offense for which he was convicted, the Parole Board, which is concerned with all facets of a prisoner's character, makeup and behavior, is, *a fortiori,* certainly entitled to be fully advised of the contents of the presentence report and to use it in giving an offense severity rating and for such other purposes that it finds necessary and proper.

*Id.* at 944.

As all of the information about which petitioner complains was contained in the pre-sentence report, it was entirely appropriate for the Commission to consider it. Accordingly, this claim for relief will be dismissed.

An appropriate order shall issue.

Should petitioner desire to appeal, written notice of appeal must be filed with the Clerk of the Court within 30 days of the date of this order.