**Hyman A. LIEBERMAN,
Plaintiff-Appellant,**

v.

**Robert A. GUNNELL, Warden, Federal Correctional Institution, Danbury, Connecticut and United States Parole Commission, Defendants-Appellees.**

No. 537, Docket 83–2283.

United States Court of Appeals,
Second Circuit.

Argued Dec. 13, 1983.

Decided Jan. 23, 1984.

Jay Goldberg, New York City, for plaintiff-appellant.

John B. Hughes, Asst. U.S. Atty., D. Conn., New Haven, Conn. (Alan H. Nevas, U.S. Atty., D. Conn., New Haven, Conn., of counsel), for defendants-appellees.

Before MESKILL, KEARSE and CARDAMONE, Circuit Judges.

MESKILL, Circuit Judge:

Appellant Hyman Lieberman appeals from a judgment of the United States District Court for the District of Connecticut, Eginton, *J.,* denying his petition for a writ of habeas corpus. Lieberman attacks the United States Parole Commission's classification of him for parole. We hold that the Commission abused its discretion and reverse and remand for further proceedings.

Lieberman was indicted with several co-defendants for participating in a major heroin distribution operation in which he supplied large quantities of mannite and quinine, uncontrolled substances used to dilute heroin. *See United States v. Perry,* 643 F.2d 38 (2d Cir.), *cert. denied,* 454 U.S. 835, 102 S.Ct. 138, 70 L.Ed.2d 115 (1981). Lieberman pled guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (1976) and was sentenced to an eight year term of imprisonment with a twelve year special parole term to follow. He began serving his sentence on November 13, 1979.

An offender who may be eligible for parole is entitled to a parole determination hearing by a panel of examiners of the United States Parole Commission. 18 U.S.C. § 4208 (1982). In making eligibility determinations, the Commission examines the offense behavior of the offender using the Guidelines for Decision-Making (Guidelines), which set presumptive release dates based on the offense committed and the offender's risk of parole violation. 28 C.F.R. § 2.20 (1982). The Guidelines in ef-

fect when the Commission made its decision divided offenses into seven categories: Low, Low Moderate, Moderate, High, Very High, Greatest I and Greatest II. The Very High category included opiate offenses of possession with intent to distribute or the sale of five grams or more of pure heroin, or the equivalent. Greatest I included "property offenses," such as theft and forgery of over $500,000.[1] It also included possession with intent to distribute or the sale of between 50 and 1,000 grams of pure heroin, or the equivalent, and a managerial or proprietary interest in the heroin venture. Greatest II included a managerial or proprietary interest in heroin sales of over 1,000 grams.

At Lieberman's first hearing, the panel of examiners concluded that Lieberman had a proprietary interest in a multi-million dollar drug conspiracy.[2] The Guidelines state that a proprietary interest in such a major drug sale is to be classified Greatest II. Lieberman exhausted his administrative remedies and then petitioned the district court for a writ of habeas corpus, claiming that his offense should not have been classified Greatest II because he had no proprietary interest in the sale of heroin. The Commission reopened his case and decided that Lieberman did not have a proprietary interest in the sale of heroin. The Commission asked the court to dismiss the habeas petition without prejudice to allow reconsideration of Lieberman's parole classification. On October 6, 1982 the district court granted the request and dismissed the petition without prejudice.

In its October 5, 1982 reconsideration the Commission said that Lieberman "personal-

---

1. Technically, the 1982 Guidelines made no provision for property offenses of over $500,000. However, because property offenses of between $100,000 and $500,000 were ranked as Very High, more severe property offenses were categorized as Greatest I. *See, e.g., United States ex rel. Petri v. Warden, Allenwood Federal Prison,* 507 F.Supp. 5, 7 (M.D.Pa.1980).

2. Managerial/proprietary interest in large scale drug cases is defined to include offend-

ers who sell or negotiate to sell such drugs; or who have decision-making authority concerning the distribution/sale, importation, cutting, or manufacture of such drugs; or who finance such operations. Cases to be excluded are peripherally involved offenders without any decision-making authority (e.g., a person hired merely as a courier).
28 C.F.R. § 2.20, Definitions, subsection (e) (1982).

ly profitted [sic] ... from [his] involvement in the instant conspiracy to distribute heroin, involving multi-mullions [sic] of dollars worth of illegal heroin." App. at 10. It rated his offense Greatest I, the second most severe category, because it considered the offense "at least as serious as those property crimes listed as greatest I severity by the [Commission]." It also ruled that a decision outside of the Guidelines was not warranted. Lieberman's high "salient factor score,"[3] an indicator of the likelihood that he would abide by parole conditions, made him presumptively eligible for parole after serving 52 to 64 months of his sentence.

After exhausting his administrative remedies, Lieberman again petitioned the court for a writ of habeas corpus, claiming that the Commission acted unreasonably in defining his offense as a property offense rather than as an opiate offense. The most severe Guidelines rating for opiate offenses in which there is no managerial or proprietary interest is Very High. This rating would have resulted in a presumptive sentence range of 36 to 48 months instead of 52 to 64 months for a Greatest I property offense. The district court denied the habeas petition on June 27, 1983.

■ The standard of review in a Parole Commission Guidelines case is limited to a determination of whether the Commission abused its discretion. We will defer to the Commission's interpretation of its regulations unless the interpretation is unreasonable and will not reverse a Commission decision that has a rational basis. *Bialkin v. Baer,* 719 F.2d 590 (2d Cir.1983). Under 18 U.S.C. § 4206(c) (1982), the Commission may not go outside of its own Guidelines unless there is good cause for doing so which it states with particularity. *See also* 28 C.F.R. § 2.20(c) (1982). In the present

case the Commission found that "a decision outside the guidelines at this consideration is not found warranted." App. at 10.

The Commission did not classify Lieberman's exact offense. Instead, it determined that his offense was "at least as serious as" certain property crimes. The Commission apparently intended to follow the provision of the Guidelines which stated:

If an offense behavior is not listed above, the proper category may be obtained by comparing the severity of the offense behavior with those of similar offense behaviors listed.

28 C.F.R. § 2.20, General Note B (1982).

■ Lieberman's offense behavior was conspiracy to distribute heroin. The Guidelines state that "[c]onspiracy shall be rated ... according to the underlying offense behavior if such behavior was consummated." *Id., Other Offenses,* § 1. The underlying offense behavior was the sale of heroin, an opiate offense listed in the Guidelines. It was conceded that Lieberman did not have a managerial or proprietary interest in the heroin venture, and selling heroin without a proprietary interest cannot be classified as Greatest I or Greatest II. Because there is no upper limit to the amount of heroin needed for a Very High offense, Lieberman's offense should have been placed in that category rather than in Greatest I. *See Allen v. Hadden,* 536 F.Supp. 586, 598 (D.Colo.1982) (where possession of over 2,000 pounds of marijuana with intent to distribute is a Very High offense, and Greatest I and Greatest II do not include any marijuana offenses, the Commission abused its discretion in categorizing petitioner's offense as Greatest I).

The government argues that Lieberman's offense was selling diluents and is thus not listed in the Guidelines. Therefore, it

**3.** The "salient factor score" is a number between zero and 10 which represents the offender's potential risk of parole violation. 28 C.F.R. § 2.20(e) (1982). In this case, Lieberman's score of 7 indicates that he was considered unlikely to violate parole. Thus, he would be eligible for an earlier release date than a prisoner in the same offense category but with a lower salient factor score.

claims, Lieberman's offense can be analogized to other offenses that are listed and can be equated with a million dollar property offense because of his alleged million dollar profit. We disagree. The Guidelines' example offenses against property are theft, forgery, fraud, embezzlement, interstate transportation of stolen or forged securities, tax evasion and receiving stolen property. These offenses all involve misappropriation of money or property of another or the use of illegal instruments for such misappropriation. The Guidelines state that if an offense behavior is not listed, its proper classification is obtained by comparing it with *"similar* offense behaviors." 28 C.F.R. § 2.20, General Note B (1982) (emphasis added). Selling drug diluents has no similarity to offenses against property and is closer in behavior to opiate offenses.

■ Had Lieberman's offense been selling heroin without a proprietary interest, the offense would be classified Very High. Here, the Commission is trying to classify the offense of selling diluents without a proprietary interest as Greatest I. It is thus trying to treat Lieberman more severely for selling uncontrolled diluents than it could if he sold a controlled substance. This is inconsistent with the purpose of the Guidelines which is "to achieve both equity between individual [parole determination] cases and a *uniform* measure of justice." *Priore v. Nelson,* 626 F.2d 211, 215 (2d Cir. 1980) (emphasis added) (quoting H.R.Conf. Rep. No. 94–838, 94th Cong., 1st Sess. at 26, 1976 U.S.Code Cong. & Ad.News 335, 359.

While the Commission may in some instances go outside of the Guidelines, it must have "good cause" for doing so and must state its reasons with particularity. 18 U.S.C. § 4206(c) (1982). The Commission may also go beyond the Guidelines if it finds "aggravating" circumstances and informs the offender of them. 28 C.F.R. § 2.19(c) (1982). Here, the Commission did not inform Lieberman of any aggravating circumstances, did not state that it had

good cause for going outside the Guidelines and did not give any reason for doing so. It clearly made its decision to classify Lieberman's offense within the Guidelines. Having done so, it must proceed within those Guidelines.

■ Accordingly, we reverse the district court's affirmance of the Commission's decision to categorize Lieberman's offense as a Greatest I property offense. It would be premature, however, to order the issuance of a writ of habeas corpus ordering Lieberman's release. The presumptive release dates in the Guidelines are subject to findings that the offender has behaved well while incarcerated and that he is not likely to commit further crimes after he is paroled. *See* 28 C.F.R. §§ 2.12(d), 2.20(b) (1982); *Allen v. United States Parole Commission,* 671 F.2d 322, 324 (9th Cir.1982). The Commission never reached those questions because the minimum 52-month period associated with the Greatest I category had not passed. The Very High category presumptively indicates release within 36 to 48 months. Because this decision comes more than 48 months after the start of Lieberman's sentence, we assume that Lieberman will be released if he meets the stated criteria. That decision, however, is not for us to make.

The judgment of the district court is reversed and this matter is remanded to the United States Parole Commission for further proceedings under the 1982 Guidelines consistent with this opinion.