**William E. PATTERSON, Plaintiff-Appellant,**

v.

**Robert A. GUNNELL, Warden, Federal Correctional Institution, Danbury, Connecticut, and U.S. Parole Commission, Defendants-Appellees.**

**No. 520, Docket 84–2251.**

United States Court of Appeals, Second Circuit.

Argued Dec. 4, 1984.

Decided Jan. 28, 1985.

Thomas J. Riley, Asst. U.S. Atty., New Haven, Conn. (Alan H. Nevas, U.S. Atty., New Haven, Conn., on the brief), for defendants-appellees.

Jay Goldberg, Scott B. Tulman, New York City, submitted a brief, for plaintiff-appellant.

Before MANSFIELD, OAKES and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The guideline system now used by the United States Parole Commission creates an elaborate method for structuring the exercise of discretion in making parole release decisions. 28 C.F.R. pt. 2 (1984). Inevitably the complexity of the system gives rise to occasions when one of the regulatory requirements has not been observed. This case is one of those occasions. Though the Commission itself three times corrected its mistakes, in the course of doing so it committed a further error, which requires that we grant limited relief to petitioner-appellant William E. Patterson on this appeal from a judgment of the District Court for the District of Connecticut (Warren W. Eg-

inton, *Judge*) denying a petition for habeas corpus.

Patterson was sentenced by Judge Mishler in the Eastern District of New York to a seven-year term upon his conviction for conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (1982). We affirmed his conviction. *United States v. Perry*, 643 F.2d 38 (2d Cir.), *cert. denied*, 454 U.S. 835, 102 S.Ct. 138, 70 L.Ed.2d 115 (1981). Patterson's role in the conspiracy was to assist a group supplying diluents to heroin distributors. Though the evidence supported his conviction for knowing participation in a conspiracy to distribute heroin, Judge Mishler noted at sentencing the absence of any evidence that Patterson ever sold or transported heroin or any controlled substance. Upon ascertaining, with the prosecutor's agreement, that the presentence report was in error in stating that Patterson had distributed large quantities of heroin and earned millions of dollars, Judge Mishler struck such statements from the report. *See id.* at 53.

At Patterson's initial parole consideration, his offense behavior was rated "Greatest II," the highest of the severity classifications then existing. Combined with his salient factor score of 10, the "Greatest II" offense rating placed Patterson in a guideline range with a minimum time to be served of 52 months. When Patterson challenged that classification in a habeas corpus petition, the Commission confessed error, and the petition was dismissed without prejudice. After a second parole hearing, Patterson's offense was classified in "Category 7," the lesser of two categories that had replaced "Greatest II." *See* 28 C.F.R. § 2.20 (Guidelines for Decision-Making). On the basis of this classification, the Commission's hearing examiners decided that Patterson should be continued to the expiration of his sentence. Upon an administrative appeal, the Regional Commissioner reduced the offense rating to "Category 6" and set a presumptive parole date at 52 months, the maximum of the guideline range for that category and Patterson's salient factor score.

Patterson pursued a further administrative appeal to the National Appeals Board, contending that he should have been placed in "Category 5," the category this Court had determined was appropriate for the diluent trafficking engaged in by one of Patterson's co-defendants. *See Lieberman v. Gunnell,* 726 F.2d 75, 78 (2d Cir.1984). The National Appeals Board agreed with Patterson and reduced his offense rating to "Category 5." That category, combined with Patterson's salient factor score, indicated a guideline range of 24 to 36 months. However, the National Appeals Board, invoking its authority to set a presumptive release date above the guidelines when there are "aggravating circumstances," 28 C.F.R. § 2.20(d), set Patterson's presumptive release date at 52 months. The Board gave Patterson this explanation for its action:

> Your behavior was far more sophisticated than that of a mere courier which would normally be placed within this category. You reaped very substantial profits by knowingly providing these dilutents to an organized heroin distribution network. The offense was of unusual magnitude and was ongoing from July, 1974 to December, 1976.

Patterson pursued his challenge to the Commission's action by seeking habeas corpus relief in the District of his confinement. Judge Eginton ruled that the Commission had not acted arbitrarily and denied relief. This appeal followed.

■ The Commission has displayed a remarkable steadfastness in maintaining Patterson's presumptive parole release date at 52 months despite a progressive reduction in the rating of his offense severity from Greatest II to Category 7, then to Category 6, and now to Category 5. Nevertheless, we agree with the Commission that it has the substantive authority to set Patterson's minimum confinement time at 52 months. The Commission is entitled to set a release date above the appropriate guideline, *see Iuteri v. Nardoza,* 732 F.2d 32, 37 (2d Cir.1984); *Alessi v. Quinlan,* 711 F.2d 497, 500 (2d Cir.1983), and it does not lose this authority simply because it previously chose not to exceed higher guidelines that

had been incorrectly applied to the prisoner, *Bialkin v. Baer,* 719 F.2d 590 (2d Cir. 1983).

■ Though the Commission is entitled to rely on aggravating circumstances to set a release date above the correct guideline, doing so in a case like Patterson's, where the correct guideline was not applied until the end of the administrative review process, can deprive the prisoner of a procedural protection guaranteed by the Commission's regulations. Aggravating circumstances may be taken into account "provided the prisoner is apprised of the information and afforded an opportunity to respond." 28 C.F.R. § 2.19(c). Normally, when a decision to go above the guidelines is made by hearing examiners at an initial parole hearing, *id.* §§ 2.13, 2.23, the prisoner is apprised of the aggravating circumstances at the hearing and has an opportunity to respond at that time, or at least in the course of administrative review. *Id.* §§ 2.25, 2.26. But when, as in this case, the aggravating circumstances are relied upon by the National Appeals Board to go above a guideline that was applied to the prisoner for the first time by the Board, the prisoner is deprived of his opportunity "to respond." That deprivation may not be prejudicial if the aggravating circumstances have been identified at an earlier stage of the Commission's hearing process. *See, e.g., Arias v. United States Parole Commission,* 648 F.2d 196, 197, 199 (3d Cir. 1981) (quantity of heroin relied on by National Appeals Board to exceed lower guideline was earlier relied on by hearing examiners to select higher guideline). But Patterson had not been notified previously of the circumstances the National Appeals Board relied on. Moreover, the Board, in stating as an aggravating circumstance that Patterson "reaped very substantial profits," appears to have relied on an allegation that had been ordered stricken from the presentence report.

Our concern is heightened by an affidavit submitted to the District Court by a Regional Counsel for the Commission in connection with Patterson's initial habeas corpus petition. After noting that the presentence report in the Commission's files has

"several references to distribution by Mr. Patterson of kilograms of heroin" and that the "sentencing transcript casts doubt on the accuracy of this information," the affidavit states:

It is not clear from the Commission's copy of the presentence report whether the information noted above was stricken from that report. It is apparent that the Commission relied upon this information in assessing the offense severity for Mr. Patterson.

The Regional Counsel submitted a subsequent affidavit to the District Court, reporting that the Commission had received from the Probation Office (a) the sentencing transcript reflecting Judge Mishler's order that portions of the presentence report be stricken, (b) a letter advising that two pages in the report should be stricken, and (c) two new pages to replace the stricken pages. Regional Counsel also reported that he had substituted the two new pages. Though the statement of reasons supplied by the National Appeals Board makes clear that the Commission now understands Patterson to have distributed diluents and not heroin, it remains unclear whether the allegation that Patterson earned millions of dollars was ever corrected. The corrected presentence report is not in the record and was apparently not furnished to Judge Eginton.

In the circumstances of this case, we conclude that compliance with the notice and opportunity-for-response provisions of 28 C.F.R. § 2.19(c) requires further administrative proceedings.[1] Upon remand, the District Court should first ascertain whether the Commission has a fully corrected copy of Patterson's presentence report and, if not, arrange, in consultation with the Eastern District, for the Commission to receive one. The case should then be returned to the Commission for a new parole hearing at which Patterson will be afforded notice of and an opportunity to respond to whatever aggravating circumstances the Commission proposes to rely upon to go above the correct guideline. Since Patterson has already served 43 months, seven months more than the maximum of his guideline, judicial and administrative proceedings upon remand should be conducted expeditiously.

Vacated and remanded for further proceedings.

---

1. We reject the Government's contention that Patterson is afforded an adequate remedy by his opportunity to petition the Regional Commissioner to reopen his case. *See* 28 C.F.R. § 2.28. Reopening is authorized "upon the receipt of new information of substantial significance favorable to the prisoner." *Id.* § 2.28(a). *See Iuteri v. Nardoza,* 560 F.Supp. 745, 753–54 (D.Conn.1983) (for purposes of reopening under 28 C.F.R. § 2.28(f), concerning "new and significant adverse information," "new" means not previously considered by the Parole Commission), *aff'd,* 732 F.2d 32, 36 (2d Cir.1984). Patterson is not seeking to present new, favorable information in the hope that the Regional Commissioner will exercise his discretion to reopen a decision procedurally correct when made. Rather, he is challenging the Commission's decision on the ground that it denied him the right to be confronted with and to respond to whatever aggravating circumstances the Commission is proposing to rely upon in setting a release date above the appropriate guideline.