Anthony F. ZURICA

v.

**U.S. PAROLE COMMISSION, et al.**

**Civ. No. N–85–428(EBB).**

United States District Court,
D. Connecticut.

Aug. 13, 1986.

Anthony F. Zurica, pro se.

Asst. U.S. Attys. Kurt Zimmerman, Barry Stevens, Bridgeport, Conn., for defendant.

## RULING ON RENEWED PETITION FOR WRIT OF HABEAS CORPUS

ELLEN B. BURNS, District Judge.

### I.

Petitioner is currently serving a six-year prison term after having pled guilty to one count of collection of credit by extortionate means in violation of 18 U.S.C. § 894(a)(1). Petitioner first appeared before a hearing panel of the United States Parole Commission (the "Commission") on August 23, 1984. Petitioner was assigned an offense severity rating of five and a salient factor score of six, giving a guideline range of 36–48 months. 28 C.F.R. § 2.20. After reviewing the hearing examiners' report, the Regional Commissioner determined the petitioner should be continued to a presumptive release date after 46 months of service. Petitioner's presumptive release date was set for September 6, 1987.

Petitioner did not appeal the Regional Commissioner's determination but asked the Regional Commissioner to reopen his case. The request to reopen was denied and petitioner brought his original petition for a writ of habeas corpus. In responding to the original petition, the Commission acknowledged that it had relied on erroneous information in determining petitioner's salient factor score. However, the Commission argued that the reliance on inaccurate information was counter-balanced by the hearing examiners' mistaken interpretation of the Commission's Procedures Manual. The examiners had apparently failed to count several of petitioner's prior "gambling" convictions. If these convictions had been counted, the salient factor score would remain unchanged even if the Commission did not rely on the erroneous information.

In the December 30, 1985, ruling on the original petition, the court was troubled by the definition given to the term "gambling conviction" by Mr. Sadowski, Regional Counsel for the Northeast Regional Office of the Commission. Mr. Sadowski argued "gambling conviction" referred only to misdemeanors involving actual acts of gambling, such as playing dice or betting on

sports. Under Mr. Sadowski's view, other gambling misdemeanors, such as bookmaking or promoting gambling, would be countable offenses under the Commission's regulations.

Mr. Sadowski's definition was troubling because the record did not reflect that the hearing panel, the Regional Commissioner, or the Commission itself had adopted such a broad definition of "gambling conviction." In fact, the hearing panel had explicitly noted that it considered such gambling convictions not countable under the Commission's regulations. The court questioned Mr. Sadowski's reliance upon a definition of "gambling conviction" that had been rejected by the hearing examiners and was not raised initially by the Regional Commissioner in determining petitioner's salient factor score. *Cf. Patterson v. Gunnell*, 753 F.2d 253, 255 (2d Cir.1985) (Commission could not rely on grounds first raised by the National Appeals Board and not identified at an earlier stage of hearing process).

Although petitioner's claims had some merit, his failure to appeal the initial parole decision made granting of the writ inappropriate. *See Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir.1979). However, petitioner was scheduled for his interim parole hearing in February, 1986. The court stated its expectation that the Commission would give fair consideration to petitioner's contentions at the interim hearing.

The Commission conducted a previously scheduled full Commission meeting from January 27 through January 29, 1986. Mr. Sadowski, aware of the confusion over the definition of the term "gambling conviction", recommended to the Commission's General Counsel that the Commission clarify which gambling convictions were intended to be counted and which were not. The full Commission voted to clarify the definition by specifically providing that acts of betting were not to be counted, but that more serious gambling misdemeanors, such as operation or promotion of an illegal gambling business, were countable. The Commission included the clarified definition in a publication of final rules in the Federal Register on February 28, 1986. *See* 51 Fed.Reg. 7065. The rules published on February 28, 1986, were to take effect on March 31, 1986.

Petitioner was provided his interim hearing on February 27, 1986. The hearing examiners determined that petitioner's gambling convictions were for activities including the operation and promotion of a gambling enterprise and were countable convictions. The panel therefore recommended that no change be made in petitioner's salient factor score and guideline range. However, noting petitioner's outstanding program achievement, the panel recommended advancing his presumptive release date by five months to April 6, 1987. This recommendation was adopted by the Regional Commissioner in a notice of action issued on March 26, 1986, and affirmed by the National Appeal Board on July 3, 1986. The renewed petition asserts that the Commission improperly counted petitioner's prior gambling convictions. It also alleges that petitioner was not given an adequate opportunity to present his position at the interim hearing. Because the court finds that the Commission did not improperly count petitioner's prior gambling convictions and gave him an adequate opportunity to present his position at the interim hearing, the renewed petition for habeas corpus is denied.

## II.

■ It is now axiomatic that the Commission's interpretation of its own regulations must be accepted unless that interpretation is shown to be unreasonable. *Iuteri v. Nardoza*, 732 F.2d 32, 37 (2d Cir.1984); *Bialkin v. Baer*, 719 F.2d 590, 593 (2d Cir.1983). Although this court questioned Mr. Sadowski's giving a *post hoc* definition contrary to the understanding of the hearing panel, there is nothing inherently unreasonable about interpreting "gambling conviction" as applying only to simple acts of gambling. The Commission is making a specific exception to its normal practice by not counting gambling convictions as prior convictions for determining an individual's salient factor score. It is not unreasonable

for the Commission to decide to give this exceptional treatment only to individuals who are engaged in simple acts of gambling while withholding such treatment to individuals who are involved in the more serious criminal activity of operating or promoting a gambling enterprise, thereby encouraging others to gamble.

Petitioner has argued that the Commission's application of its clarified definition of "gambling conviction" would violate the Administrative Procedures Act ("APA"), 5 U.S.C. § 552. Under the APA, "substantive rules of general applicability" must be published in the federal register before they can take effect. *See* 5 U.S.C. § 552(a)(1)(D). The clarification of the meaning of "gambling conviction" was not a substantive change of Commission rules and regulations. Prior to the February 28th publication, the Commission's policy of not counting gambling convictions was set forth in its Procedures Manual rather than in the regulations. *See* Procedures Manual, § 2.20–07, A.2(b). The February 28th publication simply involved a transfer of the Commission's salient factor scoring guidelines from the Procedures Manual to the regulations.

There is no basis to find that, prior to the February 28th publication, the Commission had ever demonstrated an intent to include more serious gambling convictions among the types of convictions not to be counted in salient factor score determinations. To be sure, the simple reference to "gambling" was somewhat ambiguous and has apparently led hearing panels from different regions to apply the exception differently. *See* Sadowski Affidavit, May 29, 1986, ¶ 6. However, the Commissioners' attempt to clarify the ambiguity when it was called to their attention is appropriately characterized as "an interpretive rule[ ] [or] general statement[ ] of policy," exempt from publication under the APA. 5 U.S.C. § 553(b)(3)(A). *See Alcaraz v. Block*, 746 F.2d 593, 613 (9th Cir.1984) ("interpretive rules are those which merely clarify or explain existing law or regulations").

■ Once it is determined that the Commission did not act improperly in counting prior convictions for operating and promoting a gambling enterprise, a review of the record demonstrates that the Commission had an adequate basis to find the petitioner's prior gambling convictions were countable. The presentence report described many of the offenses as involving promotion of gambling and/or possession of gambling records. Furthermore, the report indicates that petitioner "acknowledged" that since 1971 his primary source of income was the operation of a bookmaking/policy operation. Petitioner has not offered any evidence to refute this information. At his interim parole hearing petitioner offered to provide documentary evidence to show that his prior convictions were for simple acts of gambling, but did not provide such information to the Commission. On request by this court petitioner has provided certificates of disposition from the criminal court of the City of New York. These certificates confirm that several of petitioner's prior convictions were for possession of gambling records and/or promotion of gambling.

### III.

■ Petitioner has also claimed that he was denied a full opportunity to present his claims at the interim hearing, that the hearing examiners had pre-determined his case, and that he was denied access to documents relied on by the hearing panel. The court has listened to the tape recording of the February 27, 1986, hearing and examined the record and finds that petitioner was not denied any due process rights in the manner in which the hearing was conducted. Although the hearing examiners may have limited the order in which petitioner was permitted to present his arguments, he was allowed to explain his position on all contested issues. The hearing examiners had received instructions from the Regional Counsel regarding the correct interpretation of the gambling convictions exception, but petitioner was fully aware of these instructions and was not prevented from presenting evidence tending to show that his prior gambling convictions were not countable. In short, petitioner was giv-

en the procedural protections which are guaranteed by the Commission's regulations. *See* 28 C.F.R. § 2.19(c) (prisoner to be advised of information relied on by Commission and given an opportunity to respond).

## IV.

The renewed petition for a writ of habeas corpus is denied.

SO ORDERED.