**Javier CASTILLO–SICAIROS,**
**Appellant,**

v.

**UNITED STATES PAROLE**
**COMMISSION, Appellee.**

**No. 88–5337.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1989.

Decided Jan. 25, 1989.

---

Javier Castillo–Sicairos, pro se.

Franklin L. Noel, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Javier Castillo–Sicairos, a federal prisoner, appeals from the district court's [1] order denying without an evidentiary hearing his 28 U.S.C. § 2241 petition for a writ of habeas corpus which challenged the United States Parole Commission's (Parole Commission) rating of his offense severity. For reversal, Castillo–Sicairos argues that the district court erred in ruling that the Parole Commission did not abuse its discretion in considering information in dismissed counts in calculating his severity rating. For the reasons discussed below, we affirm the judgment of the district court.

Castillo–Sicairos was convicted upon an *Alford* plea of conspiracy to distribute and to possess with intent to distribute heroin and cocaine (Count 2) in violation of 21 U.S.C. § 846, and distribution of cocaine (Count 4) in violation of 21 U.S.C. § 841. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In return for the plea, the government agreed to dismiss five other counts against him, and to recommend a sentence of no more than seven years imprisonment. Castillo–Sicairos was sentenced to seven years imprisonment and a special parole term of fifteen years on Count 4; imposition of sentence on Count 2 was suspended and Castillo–Sicairos was placed on probation for five years consecutive to the imprisonment portion of the sentence on Count 4. In addition, a fine of $5,000 and a special assessment of $100 was imposed.

The Parole Commission rated Castillo–Sicairos's offense behavior as a Category Six severity on the ground that he was a conspirator in the possession and distribution of 521.25 grams of pure heroin and 29.64 grams of pure cocaine, resulting in a Parole Commission Release Guideline (Guideline) range of 40–52 months. A presumptive parole date after service of 48 months was recommended. Castillo–Sicairos pursued an unsuccessful administrative appeal in which he claimed the Commission improperly used the amounts of heroin in the

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

dismissed counts, in breach of the plea agreement; and improperly used information in Count 2, for which he received probation. Castillo–Sicairos then filed the instant habeas petition raising the same claims. He asserted his offense severity rating should have been four, resulting in a presumptive parole date after service of 12–18 months.

The district court held that Castillo–Sicairos failed to show the plea agreement had been breached; and that the Parole Commission may consider a wide range of information including dismissed counts and convictions for which the inmate was sentenced to a term of probation. This appeal followed.

 A Parole Commission's severity-rating decision will be upheld by this court unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Perry v. United States Parole Comm'n*, 831 F.2d 811, 812 (8th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1230, 99 L.Ed.2d 429 (1988). The district court correctly noted that the Parole Commission may consider dismissed counts, *see Peak v. Petrovsky*, 734 F.2d 402, 404 (8th Cir.1984), and convictions carrying sentences of probation, *see Borre v. Garrison*, 536 F.Supp. 76, 79 (E.D.Va.), *aff'd*, 691 F.2d 492 (4th Cir.1982). Moreover, the Parole Commission may use information in a presentence investigation report expressly disregarded by the sentencing court, if the Parole Commission finds the information sufficiently accurate for its own purpose. *Blue v. Lacy*, 857 F.2d 479, 481 (8th Cir.1988) (per curiam).

 Upon review of the record, and especially the plea agreement, we conclude the district court did not err in dismissing the petition without an evidentiary hearing. The plea agreement specifically provides, in a separate paragraph, as follows:

*Recommendation to U.S. Parole Commission*

The defendant understands that the government retains its right to make whatever recommendation it deems ap-propriate to the United States Parole Commission.

There is no indication that the dismissed counts would not be considered by the Parole Commission.

For the first time on appeal, Castillo–Sicairos' claims the Parole Commission did not inform him of the information it would rely upon and did not provide him with an opportunity to respond. Castillo–Sicairos also now claims the Parole Commission violated its own "principle of parsimony" which provides that a parole decision generally will be placed in the lower half of the applicable Guideline range. We decline to consider these arguments which were not presented to the district court. *See Ryder v. Morris*, 752 F.2d 327, 332 (8th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985).

Accordingly, the decision of the district court is affirmed.