27 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Norman Lewis HALVERSON, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3835.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1994.
Filed: June 23, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Norman Lewis Halverson, a federal inmate, timely appeals from the District Court's[1] orders denying his Federal Rule of Criminal Procedure 32(c)(3)(D) motion and his motion to reconsider. Contrary to Halverson's assertions, the sentencing court in this pre-Sentencing Guidelines case complied with Rule 32 by determining that no findings were necessary to resolve disputed allegations contained in the presentence report (PSR) because the Court did not rely on the controverted matters in imposing its sentence. See Fed. R. Crim. P. 32(c)(3)(D). We also reject as meritless Halverson's argument that the United States Parole Commission violated his rights by considering the disputed information and finding the allegations contained in the letter appended to the PSR more credible than Halverson's testimony before the parole hearing panel. See Castillo-Sicairos v. United States Parole Comm'n, 866 F.2d 262, 264 (8th Cir.) (per curiam) ("Parole Commission may use information in a presentence investigation report expressly disregarded by the sentencing court, if the Parole Commission finds the information sufficiently accurate for its own purpose"), cert. denied, 490 U.S. 1038 (1989); 28 C.F.R. Sec. 2.19(c) (1993).
 
 
 2
 The District Court properly construed Halverson's motion as an application for a writ of habeas corpus because Halverson is attacking the Commission's decision and its reliance on the disputed allegations. See 28 U.S.C. Sec. 2241 (1988); Smith v. United States, 618 F.2d 507, 510 (8th Cir. 1980). Furthermore, the District Court did not abuse its discretion in denying Halverson's "motion to reconsider." See Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990) (applying abuse of discretion standard to appeal from denial of Federal Rule of Civil Procedure 59(e) motion); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (applying abuse of discretion standard to appeal from denial of Federal Rule of Civil Procedure 60(b) motion).
 
 
 3
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota